55 514
121 356
121 357
55 514
28a 66
55 514
130 641
55 514
132 319
55 514
142 222
55 514
159 146
55 514
171 572
55 514
175 249
176 232
55 514
187 5609
55 514
189 3509
f189 3510
f189 1511
55 514
196 1233
196 1234
196 3235
197 3405
55 514
d110a1572

# CHARLES KURTZ *et al.*

### *v.*

# JOHN HIBNER *et al.*

1. PAROL EVIDENCE—*to correct a mistake in a will.* The law requires that all wills of lands shall be in writing, and extrinsic evidence is never admissible to alter, detract from, or add to, the terms of a will.

2. So where the testator devised a "tract of land situate in the town of Joliet, Will county, Illinois, and described as follows: the west half of the south-west quarter, section *thirty-two*, township thirty five, range ten, containing eighty acres, more or less," and "all that part or parcel of land described as the south half of the east half of the south quarter, section *thirty-one*, in township thirty-five, range ten, containing forty acres, more or less," it was *held*, that parol evidence was not admissible for the purpose of showing the testator intended to devise land situate in different sections from those mentioned in the will, and that the draughtsman of the will, by mistake, inserted the wrong numbers.

3. In such case, the words of description being unambiguous, and the thing devised certain and specific, no extrinsic evidence was required to identify the thing intended, nor admissible to show that a different thing was intended.

4. PARTITION—*where improvements have been made by one of the tenants in common.* In making partition of land, where one of the tenants in common has made improvements thereon, the court should direct the portion improved to be assigned to him who made the improvements, and in case partition can not be made, to allow him a reasonable remuneration from his co-tenants who receive the benefit of the improvements in the increased value of the land, and it is error to omit such direction.

5. SPECIFIC PERFORMANCE—*parol promise by a parent to convey land to his child.* Where the owner of land made a parol promise to his child to convey the same to him, and in consequence of such promise the latter went into possession and made valuable improvements thereon, it was held the promise rested upon a valuable consideration, and the promisee, upon proper bill filed, would be entitled to a specific performance. There seems to be no important distinction between such a promise and a sale.

APPEAL from the Circuit Court of Will county; the Hon. JOSIAH McROBERTS, Judge, presiding.

The opinion states the case.

Mr. D. H. PINNEY, for the appellants.

In this case the testator intended to devise land which he owned, the description of which differed from that named in the will, in the number of the section. The devisee could show by extrinsic evidence that the draughtsman of the will, by mistake, inserted the wrong numbers in attempting to describe the land intended to be devised.

To ascertain the intention of the testator, we must not only look at the whole will, but must also inquire into the circumstances which surrounded him when he made his will. All evidence that has a bearing upon the construction of the will is admissible, and for the purpose of ascertaining the object of testator's bounty, or the quantity of interest intended to be given, the court will inquire into every material fact relating to the person or property. 1 Greelf. Ev. secs. 286–7; 1 Redfield on Wills, 503, prop. v. in note 621 ; 7 Met. 205, 208, 209, 418 ; *Bradley* v. *Washington, Alexandria & Georgetown Steam Packet Co.* 13 Peters, 89.

The case of *Tucker et al.* v. *Seamen's Aid Society,* 7 Metc. 188, is a leading case on this question. 1 Redfield on Wills, 584–5, 587–8 ; *Domestic and Foreign Missionary Society's Appeal,* 30 Penn. St. R. 425 ; *Button* v. *American Tract Society,* 23 Vt. 336 ; *Winkley* v. *Kaime,* 32 N. H. 268 ; *Riggs* v. *Myers,* 20 Mo. 239.

Parol evidence was admissible on other grounds ; for, after rejecting the number of the section, enough remains to show the property intended. *Riggs* v. *Myers,* 20 Mo. 242–3 ; 19 Johnson, 449; 21 Wend. 653 ; *Cooper* v. *Bigley,* 13 Mich. 463 ; *Prigry* v. *Watkins,* 15 Vt. 479.

The evidence was admissible under the rule that parol evidence is admissible to explain a latent ambiguity. 1 Redfield, 587–8 ; 2 Wash. C. C. 475 ; Wigram on Evidence, secs. 184, 186 ; 1 Johns. Ch. R. 190.

Mr. W. C. GOODHUE, for the appellees.

Equity, in no proceeding, however direct, affords any remedy against mistakes made in a last will and testament,—mistakes that can only be made out by averment and proof outside of the will. 1 Story's Eq. sec 179 ; *Millner* v. *Millner*, 1 Ves. 106 ; *Mellish* v. *Mellish*, 4 ib. 49 ; *Phillips* v. *Chamberlain*, ib. 51–57 ; *Langston* v. *Langston*, 8 Bligh, 167 ; *Miller* v. *Travers*, 8 Bing. 244 ; *Mann* v. *Mann*, 1 Johns. Ch. 231 ; *Jackson* v. *Sill*, 11 Johns. 212 ; 1 Redfield on Wills, 498.

This case presents the simple question of construction. What is the meaning of the will as made by the testator? The description of the land, which is sought to be changed by extrinsic evidence, is too clear to require the aid of such evidence to identify it. There is no ambiguity to be explained.

In the case of *Mann* v. *Mann*, 1 Johns. Ch. 231, Chancellor KENT uses the following language :

"It is a well settled rule that seems not to stand in need of much proof or illustration, for it runs through all the books, from Cheney's case (5 Co. Rep. 68,) down to this day, that parol evidence can not be admitted to supply or contradict, enlarge or vary the words of a will, nor to explain the intention of the testator, except in two specified cases: first, where there is a latent ambiguity arising, dehors the will, as to the person or subject matter meant to be described; and second, to rebut a resulting trust. All the cases profess to go upon one or the other of these grounds."

And see also 1 Redfield on Wills, 573 ; *Mann* v. *Mann*, 14 Johns. 1 ; *Tucker et al.* v. *Seamen's Aid Society et al.* 7 Metc. 188 : *Smith* v. *Bell*, 6 Peters, 74 ; *Spencer* v. *Higgins*, 22 Conn. 526 ; 12 Grat. (Va.) 208 ; *Perry* v. *Hunter*, 2 R. I. 80 ; *Brearly* v. *Brearly*, 1 Stockt. Ch. 21.

In *Worthington et al. Exrs.* v. *Hyler et al.* 4 Tyng's Mass. 205, the court uses the following language : "It seems to be a general rule, that when the description of the estate intended to be conveyed, includes several particulars, all of which are necessary to ascertain the estate to be conveyed, no estate will

pass, except such as will agree with every particular of the description." The same rule is approved in the following authorities: *Jackson* v. *Clarke,* 7 Johns. 217; *Jackson* v. *Wilkinson,* 17 ib. 146; *Loomis* v. *Jackson,* 19 ib. 448; *Jackson* v. *Loomis,* 18 ib. 81; *Jackson* v. *Morse,* 6 Cow. 705.

There is no possible form in which the rule can be stated, that can authorize the rejection of an element of description, so important as the number of the section, which alone could give us the boundaries of the real estate sought to be devised.

Mr. JUSTICE THORNTON delivered the opinion of the Court:

John Hibner and others, children and heirs at law of John Hibner, deceased, filed their bill for partition, in the circuit court of Will county, against appellants, Charles, Elizabeth, and James Kurtz.

The bill alleges, that by the death of the deceased, complainants and defendants, except James, became seized in fee, as tenants in common, of the west half of the south-west quarter of section 33, town 35, range 10 east, eighty acres, and the south half of the east half of the south-east quarter of section 32, town 35, range 10 east, forty acres; that Elizabeth was entitled to the undivided one-sixth part of the lands; that James claimed title to the forty acre tract; and that Elizabeth is a daughter of the deceased, and the wife of Charles. The bill is in the usual form.

Appellants answered, admitting the allegations of the bill, except as to the intestacy of Hibner, and averred that he devised the eighty acre tract to Elizabeth, and the forty acres to James; that there was a mis-description of the lands in the will, and that Charles and Elizabeth had been in possession of, and made valuable improvements upon, the eighty acre tract, upon the promise of the deceased, that he would give the same to Elizabeth.

The usual replication was filed, cause heard, and decree rendered for partition. To reverse this decree appellants have brought the case to this court.

The circuit court refused to hear parol evidence, to explain the language of the will. The only provisions of the will to be considered are the following:

" *Third.* I give and bequeath to my daughter, Elizabeth Kurtz, all that tract or parcel of land situate in the town of Joliet, Will county, Illinois, and described as follows: the west half of the south-west quarter of section 32, township 35, range 10, containing eighty acres, more or less, together with all the appurtenances thereunto belonging, or in anywise appertaining.

" *Seventh.* I give and bequeath to my grand-son, James Kurtz, all that part or parcel of land described as the south half of the east half of the south quarter section 31, in township 35, range 10, containing forty acres, more or less."

Appellants offered to prove that the testator, at the time of his death, owned only one eighty acre tract, in township thirty-five, which was the one described in the bill; that a mistake was made in drafting the will, by the insertion of the words "section thirty-two," instead of "section thirty-three"; that Charles and Elizabeth Kurtz had been in the actual possession of the tract for a number of years, and upon the repeated promise of the testator in his life time, that he would give the same to Elizabeth, had made lasting and valuable improvements, at their own expense, on the land,—had fenced it, and erected thereon a dwelling house, barn and corn cribs, dug wells and set out fruit trees.

Appellants also offered to prove that James Kurtz, at the time of the death of the testator, was in the actual possession of the forty acre tract, as the tenant of the deceased, and that the draughtsman of the will, by mistake, inserted the word "one," after the words "section thirty," instead of "two," so as to bequeath to James land in section thirty-*one* instead of section thirty-*two*. This evidence was rejected by the court, on the hearing.

It has been strongly urged by counsel for appellants, that this evidence should have been received, for the purpose of ascertaining the intention of the testator. The will devises land to Elizabeth in section thirty-*two;* the parol evidence offered was for the purpose of locating the land in section thirty-*three*. The will devised to James "the south half of the east half of the south quarter of section thirty-one." It was proposed to show, by parol evidence, that the testator intended to devise to James "the south half of the east half of the south-east quarter of section thirty-two."

The law requires that all wills of lands shall be in writing, and extrinsic evidence is never admissible, to alter, detract from, or add to, the terms of a will. To permit evidence, the effect of which would be to take from a will plain and unambiguous language, and insert other language in lieu thereof, would violate the foregoing well established rule. For the purpose of determining the object of a testator's bounty, or the subject of disposition, parol evidence may be received, to enable the court to identify the person or thing intended. In this regard, the evidence offered afforded no aid to the court. The devise is certain both as to the object and subject. There are no two objects,—no two subjects.

The intention of the testator must prevail. How shall this be ascertained? In the case of *Smith* v. *Bell*, 6 Peters, 74, Chief Justice MARSHALL says: "The first and great rule in the exposition of wills, to which all rules must bend, is, that the intention of the testator, expressed in his will, shall prevail, provided it be consistent with the rules of law. This principle is asserted in the construction of every testamentary disposition. It is emphatically the will of the person who makes it, and is defined to be 'the legal declaration of a man's intentions, which he wills to be performed after his death.' These intentions are to be collected from his words, and ought to be carried into effect, if they be consistent with law."

The thing devised is certain and specific. Section, township and range are given. The evidence offered, as to the mistake

in the section, would have made a new and different will. The testator devises lands in certain sections. The description is full, certain and explicit. No doubt arises upon the reading of the will. Every mind is forced to the same conclusion, that the land devised, the subject of disposition, is clearly, and without the slightest ambiguity, described. The language is not applicable to any other land. No extrinsic evidence, then, is needed, to identify the thing intended. The intention is manifest from the words of the will.

The case of *Tucker et al.* v. *Seamen's Aid Society*, 7 Metc. 188, is cited by appellants' counsel. It appeared, in that case, that in consequence of incorrect information, the legatee was not, probably, the object of the testator's bounty. Other societies claimed the legacy. The court, however, decided that the legacy should be paid to the "society" designated in the will, not upon extrinsic proof, but upon the words of the will.

The case of *Riggs* v. *Myers*, 20 Mo. 239, is also cited by counsel for appellants. That case is very different from the one under consideration. The testator, in that case, made a full disposition of all his estate, and then described certain lands, locating them in a township in which he owned no lands. The land intended to be devised, was, however, identified, by reference to "the big spring" upon it. In the case before the court there is no disposition, either specifically or generally, of the lands in the bill mentioned.

We think, therefore, there was no error in refusing the admission of extrinsic evidence, to detract from, or add to, the terms of the will. The law requires a will to be in writing; to be executed in the presence of two witnesses, and with certain solemnities, to insure its correctness, and protect the testator from mistake and imposition.

There is no ambiguity in this case, as is urged. When we look at the will it is all plain and clear. It is only the proof, *aliunde,* which creates any doubt, and such proof we hold to be inadmissible. *Doe* v. *Hiscocks*, 5 Mees. & Welsb. 363; *Miller* v. *Travers*, 8 Bing. 244; *Jackson* v. *Sill*, 11 Johns. 212; *Jackson* v. *Wilkinson*, 17 ib. 146; *Mann* v. *Mann*, 1 Johns. Ch. 231.

The decree, in this case, must, however, be reversed, for the refusal of the court to admit the evidence offered, as affecting the rights and interests of the parties, in making the partition. By the decree, the court found that Elizabeth Kurtz was entitled to the undivided one-sixth part of the lands, without any directions to the commissioners to assign to her the portion improved, and in case partition could not be made, to allow her a reasonable remuneration, from her co-tenants, who received the benefit of the improvements. This was error. *Louvalle et al. v. Menard et al.* 1 Gilm. 39 ; *Dean et al. v. OMeara et al.* 47 Ill. 121 ; *Borah v. Archer,* 7 Dana, 176.

It would be inequitable to permit the complainants to share in the benefits of the improvements, without making some compensation to the defendants for the necessary increased value to the land, occasioned by the improvements.

As to the eighty acre tract, we think from the evidence offered, that Elizabeth Kurtz is entitled to specific performance of the parol promise, repeatedly made, by her father. Appellants offered to prove such parol promise, by the testator, in his life time, to Elizabeth, and that in consequence of such promise, possession was taken, and extensive and valuable improvements made by them. A court of equity will always enforce a promise, upon which reliance is placed, and which induces the expenditure of labor and money in the improvement of land. Such a promise rests upon a valuable consideration. The promisee acts upon the faith of the promise. We can perceive no important distinction between such a promise and a sale. Courts would sanction wrong and fraud not to sustain such a promise. If the proof offered can be made, then Elizabeth is entitled to specific performance, and a decree for the conveyance of the eighty acres to her, upon the filing of the proper bill. *Bright et al. v. Bright,* 41 Ill. 97 ; *Shepherd v. Bevin,* 9 Gill, 32 ; *King's Heirs v. Thompson,* 9 Peters, 204.

We do not think that James Kurtz has any title to the forty acres, by virtue of the will, or otherwise, and partition should be made of it.

The decree of the circuit court is reversed, and the cause remanded, with instructions to that court to proceed in accordance with this opinion, and with leave to Elizabeth to file her cross bill.

*Decree reversed.*