# MARY J. WORRELL et al.

### v.

# JAMES PATTEN et al.

1. MISTAKE—*correcting mistake in will.* Where a testator, in making his will, made mistakes in the description of several tracts of land attempted to be devised, some of the tracts not being described, and in several cases other and different lands were named, and made his widow residuary devisee "of all the rest and residue" of his "estate, remaining at the time of" his "decease, real, personal and mixed, of every name and description whatsoever," it was *held,* that as the widow would, under such will, take all lands which failed to pass, through the mistake, she had a right to correct the mistake by conveying the lands to the proper parties, or to have the mistake corrected on bill filed by her for that purpose.

2. SAME—*decree without proof.* Where the residuary devisee in a will, files a bill in equity to have mistakes in the will corrected, the effect of which is to deprive her of lands she would otherwise take under the same, a decree may pass as prayed without the hearing of any proof whatever of the fact of mistake having been made, and the minor heirs

of the testator, in such case, having no interest in the lands thus taken from the complainant, can not be heard to complain of the decree reforming the will.

WRIT OF ERROR to the Circuit Court of Bureau county; the Hon. SAMUEL L. RICHMOND, Judge, presiding.

This was a bill in chancery, filed by James A. Patten and Jane Patten. executor and executrix of the last will and testament of William Patten, deceased, Malissa A. Raddle and Reuben A. Raddle, her husband, against Mary J. Worrell, Leonard N. Worrell, her husband, Keziah Ralph, Wm. W. Ralph, her husband, Sarah E. Patten, Nellie L. Raddle, Mira J. Raddle, Carl A. Raddle, Alice J. Worrell, William L. Worrell and Gertrude Ralph, to correct and reform the will of the said William Patten, deceased. The opinion of the court gives the leading facts of the case.

Messrs. BURNS & BARNES, for the plaintiffs in error.

Mr. MILTON T. PETERS, for the defendants in error.

Mr. JUSTICE WALKER delivered the opinion of the Court:

It is claimed that this case falls within the rule announced in *Kurtz* v. *Hibner*, 55 Ill. 514, that parol evidence will not be received to alter or change a will, or even to correct a mistake in its provisions. A careful examination of this record will show that this case stands on entirely different grounds; that the rules there announced have no application here: that there were mistakes in the description of several tracts of land attempted to be devised, is not only proved but is admitted; that some of the lands intended to be devised were not described, but in several cases other and different lands were named. The 11th clause of the will, under which the parties claim as devisees of William Patten, is this:

*"I hereby give and bequeath to my said wife, Jane Patten, all the rest and residue of my estate remaining at the time of my decease, real, personal and mixed, of every name and nature*

*whatsoever*, provided that the farming utensils remaining at the time of my decease, I hereby give and bequeath to my said son, James A. Patten, together with all the wagons and harness, except one lumber wagon and one set of· double harness suitable to be used therewith, and one double family carriage and suitable harness to be used therewith."

Under this clause, it is manifest that Mrs. Patten took all real estate which was so defectively described as not to pass to the intended devisees. She took, under the will, the residue of the real estate not devised, and where, by mistake or otherwise, any land was not devised to other persons, she took a fee simple in such lands. And when there was such a misdescription of any of the lands attempted to be given to other persons as not to pass by the will, such property remained unaffected by such clauses, and became and was a part of the residue of the real estate devised to this widow of the testator, and she holds the same instead of the persons to whom the testator designed them to pass by the will.

The bill shows that Jane Patten, the widow of testator, and the residuary legatee and devisee, is one of the complainants, and prays for the correction of the will, so as to conform to the intention of the testator She in nowise complains of the decree, nor can she, as it is in conformity to the prayer of her bill. She being the owner of the land misdescribed and intended, as she claims, to have been given to others as devisees, she, alone, is deprived by the decree of any right by its terms. She, as such owner, held it absolutely free from all claim from any of the heirs of the testator. She could have sold and conveyed it to whom she chose. She could have rectified, by conveyance, all of the mistakes she asked to have corrected by the decree, and thus have rendered this proceeding unnecessary. But having chosen to institute this suit, and the court having granted the relief she asked, the decree is as effectual as if she had made the correction by conveyance.

Had the court below heard no evidence, the decree would have been rendered on her request. The property was hers, and at her absolute disposal, and that right was in nowise enlarged or affected by the evidence heard on the trial. It was entirely useless, and affected the rights of no one. In fact, the remedy was completely in her own hands, and the aid of the court, with or without evidence, was not required to enable her to dispose of her own property according to her own pleasure.

The minor heirs and devisees had no interest whatever in the lands that passed to Mrs. Patten as residuary devisee. The decree deprives them of no right, but leaves their interest wholly unimpaired. Nor has any of the heirs a right to complain if Mrs. Patten chose to strictly carry out the intention of her husband in disposing of his property, instead of holding it herself, or giving it to others. She has deprived them of no legal or equitable right. No one can complain of her disposing of her own property as she chose. We are not willing to hold that plaintiffs in error may control the residuary devisee in disposing of her property as she thinks proper.

No error is perceived in the decree, and it must be affirmed.

*Decree affirmed.*