DRURY BISHOP

*v.*

MARY MORGAN.

1. WILLS—*construction of description of land.* Where a will describes a tract of land devised, as the south-east quarter of a section, containing forty acres, more or less, the words "containing forty acres, more or less," do not modify or affect the description of the land as the south-east quarter, and a court, in construing the will, will not consider the fact that the testator did not own the land described, but did own the south-east quarter of the north-east quarter of that section when he made the will, and at the time of his death. ·

2. DESCRIPTION OF LAND. Quantity, in the description of land, is never allowed to control courses, distances, monuments or natural land marks, such as creeks, rivers, ponds or lakes.

APPEAL from the Circuit Court of Madison county; the Hon. WILLIAM H. SNYDER, Judge, presiding.

Messrs. METCALF & BRADSHAW, for the appellant.

Mr. THOMAS G. ALLEN, for the appellee.

Per CURIAM: The appellant and appellee are brother and sister—the only children and heirs at law of Jonathan Bishop, deceased. Their father, when he made his will and at his death, was the owner in fee of 120 acres of land, lying in and being part of the north-east quarter of a certain section 10, and consisting of one 80-acre tract, being the north half of that quarter section, and of one 40-acre tract, being the south-east quarter of that quarter section, and owned no other real estate.

The will of the father contains the following:

"2d. I give and bequeath unto my son, Drury Bishop, his heirs and assigns forever, all that piece or parcel of land situated in Madison county, State of Illinois, to-wit: the north half of the north-east quarter of section number 10, in township number 3 north, in range number 9 west, of the third principal meridian, containing 80 acres, more or less; also, that certain piece or parcel of land situated in Madison county, State of Illinois, known and described as follows, to-wit: the south-east quarter of section number 10, in township number three (3) north, of range number 9 west, of the third principal meridian, containing 40 acres, more or less."

The only point in controversy in this case relates to the construction of that clause in the will which devises to Drury Bishop "all that parcel of land known and described as the south-east quarter of section 10,    *    *    *    containing 40 acres, more or less," and to the question whether the facts stated can be considered in giving construction to that clause in the will.

It is plain there is nothing in this case to distinguish it in principle from the case of *Kurtz* v. *Hibner*, 55 Ill. 514, unless it be indeed the use of the words, " containing 40 acres, more or less," in the description of the land devised.   It is contended that this is evidence, on the face of the will, of a mistake, or that the words, on their face, contain two descriptions. one saying it is " the south-east quarter " of the section mentioned, and the other saying it is " a 40-acre tract," lying in that section.

We know of no adjudicated case or elementary rule by which the use of the words, " containing 40 acres. more or less," can be allowed to affect or modify a description, such as " the south-east quarter of said section," which is clear and certain as to location and boundaries.   Quantity, in the description of land, is never allowed to control courses, distances, monuments or natural land marks, such as creeks, rivers, ponds or lakes. The majority of the court are of opinion that these extraneous facts can not be considered, and ought not to control the plain words of the will.

The decree must be affirmed.

· *Decree affirmed.*

Mr. JUSTICE DICKEY:   I can not concur in this decision. Where there is palpably, on the face of a will, a misdescription of the subject matter of the devise, the court will look into the condition and situation of the testator at the time of making the will, and thus seek for the true intention of the testator in the use of the words found in the will.   The words of the will are all to be considered, and if they are repugnant to each other, or contain two descriptions incompatible with each other, the court will, where the circumstances show *clearly* the intention of the testator, determine, from the consideration of the circumstances and all the words used, what words are to be rejected and what words must be supplied to express correctly the true intention of the testator.

In this case there is, on the face of the will, a palpable misdescription, or what is called " an equivocation."   The quarter

of a section contains 160 acres of land.   The tract here devised is described as supposed to contain " 40 acres."  Palpably there is a mistake in this description, on the face of the will.  Wherein is the mistake?

Unless the presumption is rebutted, a testator is supposed to know what property he does own, and is supposed to deal in his will with none other.

In looking into the circumstances under which the words in this will were used, we find that the testator, after disposing of the tract supposed to contain 80 acres, had but one other tract of land which he had the power to dispose of, and that was the south-east quarter of the north-east quarter of this section 10, supposed to contain 40 acres.   He then undertakes to describe the thing to be devised, and says, " the south-east quarter " of this section 10, " containing 40 acres, more or less."   What land does he mean?  No man can doubt that he meant by these words to identify the land which he did own, which was a part of section 10, and which was supposed to contain 40 acres, and that he did not mean to devise a tract of land which he never owned and which was not supposed to contain 40 acres, but was supposed to contain four times that quantity; and especially is this inference cogent when we find that the words actually used, so far as they go, are apt words to describe the tract which he did own.

The true description is: " the south-east quarter of the north-east quarter of section 10,  *   *   *   containing 40 acres, more or less."   The words in quotation marks are the words found in the will.   The words "of the north-east quarter." are omitted.   Courts often supply words, when it is clear, from the context, that they have been omitted by mistake, and there is no doubt as to the proper words to be supplied.

Reference is made to the decision of this court in the case of *Kurtz* v. *Hibner, supra,* and it is supposed that these cases are so much alike that they must be governed by the same rule.   To my mind, they do not rest on the same ground.   In that case, the will, on its face, was clear and perfect, and no part of it was repugnant to any other part.   There was no

"equivocation" apparent on the face of the will. The court there held, that the language was so plain that it was not open to construction—that there was no room for construction, and refused to examine the circumstances, to aid construction. In this case the whole description in the will can not stand without modification. There is, on the face of the will, "an equivocation," produced by the words "containing 40 acres, more or less."

The language demands construction. When the court is once thus called upon to construe, in my view of the law it ought to look into the facts surrounding the testator when he used the words, and adopt the meaning attached to these phrases by the testator when he used them. This seems to me to be the teaching of the authorities and the logic of the case.

A will can not be reformed by a court of equity as may a deed or a contract, and for that reason a more liberal rule of construction has always been applied in the construction of wills than in the construction of deeds and contracts. It is not denied that in giving *construction* to descriptions of land in deeds and contracts, the quantity mentioned is regarded of little importance when compared with other evidence of identity. Were the words used in this will found in a deed, and application made to a court of equity to reform the deed, it must be conceded that the use of the words, "containing 40 acres, more or less," connected with the fact of the ownership of the south-east quarter of the north-east quarter of the section, and with the fact that the grantor never owned or claimed to own the south-east quarter of the section, or any other part of the section, would be evidence sufficient for the reformation of the deed. If this will had omitted the words, "south-east quarter," and had simply said a parcel of land in said section 10, "containing 40 acres, more or less," no court would hesitate to admit the proof offered in this case, and, when heard, to apply the description as claimed by appellant. In my humble judgment, the rule of excluding such proof was pushed to the utmost verge that the law requires, in the case of *Kurtz*

v. *Hibner*, and without questioning the ruling in that case, my sanction can not be given to what to my mind seems to be carrying it farther. The words "more or less" do not always destroy the measure of quantity, to which they are applied as a qualification. This court limited their effect in the case of *Tilden* v. *Rosenthal*, 41 Ill. 385. No greater effect should be given to them here.

Mr. CHIEF JUSTICE SHELDON: I concur in the above opinion of Mr. JUSTICE DICKEY.