Okey, J.
By statute, authority is granted to an executor to maintain a civil action in the court of common pleas, asking *130 the direction of the court in any matter affecting the trust, estate or jaroperty to be administered, and the rights of the parties in interest. 54 Ohio L. 202, § 8; Rev. Stats. § 6202. And see Rothgeb v. Mauck, 35 Ohio St. 503.
This jurisdiction Adam R, Merrick has invoked; and the evidence fully supports the claim that, while the will on its face is free from ambiguity, the word south, in its third item, was inserted by mere mistake of the scrivener, the testator intending that the word north should be used. The sole question, therefore, is whether, on proof of such fact, it is competent for the court to declare that the east half of the north-east quarter of section 28 passed by the will to Adam R. Merrick on the death of his mother.
As there is a parcel of real estate which is accurately described in the third item of the will, it might well be argued, if that clause stood alone, that the testator must have believed he had some devisable interest in the land, and hence that the devise related to such land, although in point of fact he had no interest in it whatever. Fitzpatrick v. Fitzpatrick, 36 Iowa, 674; Kurtz v. Hibner, 55 Ill. 514; 2 Randolph & Talcott’s Jarman on Wills, 403. But the clause does not stand alone, nor is it to be construed as standing alone. On the contrary, regard must be had to the whole instrument; and while the' will can only be properly construed by its words, we may be aided in such construction by evidence of the situation of the testator, with respect to his property and the objects of his bounty, at the time the language was employed. Worman v. Teagarden, 2 Ohio St. 380.
The inquiry, then, is whether the description in' the third item is referable to the fact that the testator must have supposed he had a devisable interest in the premises there described, or whether the mistake claimed, that is, the use of the word south when north was intended, was really made. Which is the more reasonable supposition ? It appears that the testator had no interest whatever in the land there described, at the time or after the will was executed. It then belonged to and was in the possession of his son Isaac, and the theory that the testator was perfectly aware of that fact is certainly reasonable. *131 On the other hand, he did own the east half of the north-east quarter of the same section—indeed, resided on it when the will was made and until he died; and it is not denied that it is embraced in the devise to his wife, for he devised to her, for life, all his real estate, consisting of two eighty-acre tracts. One of these tracts he devised by proper description to his son Eobert, on the death of his mother, charged with certain legacies, and unless the other tract was devised to Adam E., at the death of his mother, it will pass at her death to the testator’s heirs. But a testator is not presumed to intend to die intestate as to any interest in his property to which his attention seems to have been directed. Collier v. Collier, 3 Ohio St. 369. Again, unless the testator intended by the third item to devise the tract in the north-east quarter which he really owned, why postpone the taking effect of such devise until the death of his widow ? Isaac, as we have seen, was the owner and in possession of the land in the south-east quarter, and it is not reasonable that the testator believed his widow could derive any advantage from a devise to her of that land during life. Moreover, why charge the land devised to Adam E. with the payment of $650 in legacies, unless he intended to devise the premises he really owned? Would he make such charge on land in which he had no interest, on the supposition that he had some claim upon it ? Besides, at the time the will was executed, Adam E. Merrick liad resided with his family on the north-east quarter in question for more than six years, and he continued to reside thereon. Is it not reasonable to suppose that the testator desired him to have the land upon which he resided ? Clearly, all the land which the testator owned was devised to his wife for life, and the inference is irresistible that the same land, and no other, was devised to his two sons, Eobert and Adam E., at the death of Mrs. Merrick. One moiety of it passes by clear words to Eobert, on the death of his mother; and, rejecting the erroneous description, the word south, sufficient appeal’s on the face of the will, in the light of the facts here disclosed, to warrant us in saying that by the will of Adam Merrick the other moiety, the east half of the north-east quarter of section 28, Hoaglin township, Yan Wert *132 county, passes to Adam B. Merrick, on the death of his mother. And thus the case is determined by a just and proper application of the maxim, Falsa demonshratio non nocet. Ashworth v. Carleton, Banning v. Banning, 12 Ohio St. 381, 437; 1 Randolph & Talcott’s Jarman on Wills, 734, 744; 2 Id. 390.

Judgment affirmed.