GEORGE ALLMENDINGER *et al.*

*v.*

SIDMUND McHIE.

*Opinion filed February 20, 1901.*

1. COLOR OF TITLE—*deed relied upon as color must contain certain description.* It is essential to a deed relied upon as color of title, that the premises be described with the same degree of certainty as is required in deeds relied upon as absolute conveyances.

2. SAME—*when deed is insufficient as color of title.* A deed is insufficient as color of title where it refers to another deed for the correct description and the latter is not introduced in evidence.

3. PLATS—*when plat is properly admitted in evidence.* A completed plat, certified by the surveyor, acknowledged by the owners of the land and recorded in compliance with the statute, is admissible in evidence in ejectment, notwithstanding the surveyor testifies he did not make the survey but does not deny making the certificate.

4. SAME—*plat is admissible to aid in identifying lot which deed purports to convey.* Plaintiff in ejectment having a conveyance for property described as a lot, and which is numbered as a lot and its position marked on a plat, is entitled to introduce the plat in evidence, in connection with his deed, for the purpose of identifying the lot which the deed purported to convey to him.

5. SAME—*surveyor not competent to impeach his own certificate.* A surveyor is not competent to impeach his own certificate to the plat.

6. TRIAL—*defendant in ejectment entitled to have jury instructed as to burden of proof.*   In an ejectment case involving questions of fact, which the law requires the plaintiff to prove by producing the greater weight of evidence, the defendant is entitled to have the jury instructed as to such rule of evidence.

7. SAME—*court should not invade province of jury.*   Where there is a controversy as to whether the strip of land in controversy is an accretion to one tract of land or more than one, it is error for the court to assume, in its instructions, that the strip is an accretion to a particular tract.

APPEAL from the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding.

BARKER & CHURCH, and J. B. HUTCHINSON, for appellants.

H. H. C. MILLER, and W. S. OPPENHEIM, for appellee.

Mr. CHIEF JUSTICE BOGGS delivered the opinion of the court:

This is an appeal from a judgment entered in the superior court of Cook county, in favor of appellee, against the appellants, in an action of ejectment, on a trial before the court and a jury.   The bill of exceptions signed and sealed at the term at which the judgment was rendered has been amended by an order of the court entered at a subsequent term.   The amendment so made obviates the objection that exception was not taken to the overruling of the motion for a new trial.

The appellee claimed he was seized of the title to lot 20 in Herdian, Hooflund & Carson's subdivision of the south six acres of the north ten acres of the east half of the north-east quarter of section 17, township 40, north, range 14, east, in Cook county.   The south line of said lot 20 is shown upon the plat of such subdivision to be 234.6 feet in length and the north line to be 182.15 feet in length.   Appellee claimed title to said lot, and that he was seized of the title to a strip of land extending

eastward therefrom to the low-water mark of Lake Michigan, as accretions to said lot. He filed his declaration in ejectment against the appellants, alleging that they had entered into possession of the strip of land claimed as accretions to said lot 20 and unlawfully withheld the said strip from him. The plea was not guilty, and the verdict, on a hearing before the jury, was that appellants were guilty of withholding the premises as described in the declaration.

Appellee tendered the court five instructions to be given to the jury and appellants tendered thirty, but the court refused to give any or either of said instructions so asked by either of the parties, and upon its own motion instructed the jury as follows:

"The plaintiff claims under deeds which vest in him whatever title John Thomas had, if he had any, to the six acres in which lot 20 is. John Thomas had three deeds, two for two and a half acres each and one for one acre, which together included the six acres. The tax receipts put in show that he paid the taxes assessed on the six acres from the year 1860 to the year 1887, both inclusive. Now, if during that period from 1860 to 1887 there were any seven years in succession in which the six acres were occupied by the said John Thomas, either by himself or his tenant, or if there were any seven years in succession during that period from 1860 to 1887 in which the six acres were vacant and unoccupied, then John Thomas became the absolute owner of the six acres. The statute is such that the seven years referred to cannot be made up partly of time in which the six acres were vacant and partly of time in which they were occupied, but they must be one or the other for the whole seven years. Now if, in either of the modes described, John Thomas became the owner of the six acres, the verdict should be for the plaintiff, but if he did not so become the owner of the six acres then the verdict should be for the defendant. What are the facts upon this matter the

jury are to decide from the evidence, and that alone. The land claimed by the plaintiff in his declaration being accretion to the shore of the six acres, belongs to the owner of the land on which that shore was in 1821, when the United States surveyed the land."

It will be observed the appellee, in order to recover under the instructions of the court, must have established color of title in one John Thomas to the six-acre tract of land which, as it is alleged, was platted into lots by the said Herdian, Hooflund & Carson, one of said lots being lot No. 20, claimed by the appellee. The appellee, in order to establish such color of title in said John Thomas, introduced in evidence three deeds to the said Thomas. Two of these deeds are relied upon as color of title to two parcels, of two and one-half acres each, of the said six acres. The description in one of said deeds,—that from Evan Lewis to John Thomas,—is as follows: "Part and parcel of the east half of the north-east quarter of section 17, township 40, north, range 14, east of the third principal meridian, being two and one-half acres, and being the south half of the north half of the ten acres conveyed by John Rees to Thomas Rees on the 15th day of June, 1853, and being part and parcel of the twenty-five acres conveyed by Platt Saunders and wife to John Rees, March 19, 1850." In the other of said deeds,—that from Thomas Rees to said John Thomas,—the description is as follows: "Part and parcel of the east half of the north-east quarter of section No. 17, township 40, north, range 14, east of the third principal meridian, being two and one-half acres off the north end of the ten acres conveyed by John Rees and wife to Thomas Rees on the 15th day of June, 1853, being part and parcel of the twenty-five acres conveyed by Platt Saunders and wife to John Rees, March 19, 1850."

In neither of these deeds can the particular two and one-half acres of land intended to be conveyed be ascertained or located from the face of the deed. It is essen-

tial to color of title the premises shall be described with the same degree of certainty as is required in deeds relied upon as absolute conveyances. (*Shackleford* v. *Bailey*, 35 Ill. 387; *Brooks* v. *Bruyn*, 35 id. 392.) Each of the deeds, as part of the description of the premises intended to be conveyed, refers to a deed made by John Rees to Thomas Rees. But the deed to Thomas Rees was not produced in evidence. Had it been so introduced the description of the land therein would have been "read in," as it were, in the deeds produced in evidence, the same as if embodied in such description. (4 Am. & Eng. Ency. of Law, —2d ed.—803.) In the absence of the deed to Rees the uncertainty in the description in the deeds introduced in evidence remains, and those instruments were, because of such uncertainty, inefficient as color of title. The court therefore erred in declaring to the jury that the appellee had shown color of title to the premises. The judgment, therefore, must be reversed and the cause remanded. The record, however, presents some other questions which will arise upon a subsequent hearing of the cause, and for that reason should be disposed of here.

There is no force in appellants' objection the court erred in admitting in evidence the certified copy of the plat of Herdian, Hooflund & Carson's subdivision of the six acres of land on which said lot 20 is marked as a part thereof. The appellants contend the surveyor whose certificate appears on said plat admitted, while testifying as a witness in the cause, he had not, in fact, made the survey. The plat was completed, certified by the surveyor, acknowledged by those claiming to own the land, and duly recorded, in compliance with section 2 of chapter 109 of our statutes, entitled "Plats." Said section 2 provides, plats, when thus certified, executed and recorded in conformity with its provisions, "may be used in evidence to the same extent and with like effect as in case of deeds." (3 Starr & Cur. Stat. 1896, p. 2965.) The plat was admissible under the statute. The surveyor

did not deny that he had made the certificate found on the plat, and he was not competent as a witness to impeach his certificate. (Devlin on Deeds,—2d ed.—sec. 528.) The plaintiff, having received a conveyance for premises described as a lot and numbered as a lot and its position marked on a plat, had the right to introduce the plat in evidence, in connection with his deed, for the purpose of identifying the lot which the deed purported to convey to him. The plat had no effect to establish title in the proprietors of the plat, and it was permissible to the appellants to contradict, by any competent testimony, anything appearing on the plat, but the surveyor was not competent to impeach his own certificate.

The case for the plaintiff (appellee) involved contested questions of fact, as to which the law cast on the appellee (plaintiff below) the burden of producing the greater weight of evidence. The court refused an instruction asked by the appellants so advising the jury, and in the general charge made no reference to the rule of law governing the question. Appellants were entitled to have the jury correctly instructed as to this rule of evidence.

Whether the land claimed by the appellee was accretions to the six-acre tract which was platted into lots, or was, in part at least, accretions to another tract of land, was in the main a question of fact, and, on the whole, a mixed question of law and fact for the decision of the jury under proper instructions from the court as to the law. The court, in the charge given the jury, invaded the province of the jury by assuming to declare to the jury that the strip of land in controversy was accretions to the said six-acre tract.

The judgment must be and is reversed and the cause will be remanded.            *Reversed and remanded.*