## Abel Brooks v. W. S. Halane.

1. Interest—*particular construction placed upon.* The word "interest" in this case is held to be the equivalent of "part" or "share," and is construed as not designating the extent of the vendor's title.

2. Contract—*construction of, pertaining to sale of land.* Where a contract provides for the sale by a party of only his right, title and interest in certain real estate, a covenant in such contract to furnish an abstract showing perfect title to the premises, free and clear of any and all encumbrances, does not operate to enlarge the estate agreed to be granted.

3. Contract—*how to be construed.* Every part of a contract is to be given effect, and, if consistent, a construction adopted that will attain that end.

4. Contract—*when, void for uncertainty.* A contract which provides for the conveyance of a particular number of acres of land which form a portion of a larger tract, without specifying from what part of such larger tract such number of acres are to be taken, is void for uncertainty.

5. "More or less"—*function of, as applied to instrument pertaining to land.* The words "more or less" after the designation of a number of acres in a tract of land described by metes and bounds with respect to fixed monuments, are words of safety and precaution and are intended to cover some slight inaccuracy in the computation of the number of acres contained within the designated boundary lines. A description by metes and bounds and fixed monuments controls a statement as to quantity.

6. "More or less"—*effect of use of.* In this case the contract did not describe the land to be conveyed by metes and bounds or by any fixed ascertainable monuments, and in the absence of any such guides, the words "more or less" do not weaken or destroy the statement of quantity.

Action of assumpsit. Appeal from the Circuit Court of McLean County; the Hon. Colostin D. Myers, Judge, presiding. Heard in this court at the November term, 1903. Affirmed. Opinion filed October 14, 1904.

BARRY & MORRISSEY, for appellant.

LIVINGSTON & BACH, A. J. BARR and M. A. BRENNAN, for appellee.

MR. PRESIDING JUSTICE BAUME delivered the opinion of the court.

Appellee brought this action in assumpsit against appellant to recover his damages, for an alleged breach of the following contract:

"This agreement, made and entered into this twelfth day of September in the year 1902, by and between Abel Brooks of the county of McLean and State of Illinois, party of the first part, and W. S. Halane of the county of McLean and State of Illinois, of the second part,

Witnesseth, that the said party of the first part hereby sells to the said party of the second part, the following described real estate, to wit: thirty-two acres, more or less, being my undivided interest in land belonging to the estate of W. F. Barclay, the S. half of N. E. quarter and the N. E. quarter of the N. E. quarter section 24, township 23 north, R. 1 E., situated in the county of McLean in the State of Illinois, for the sum of three thousand forty dollars.

The said party of the first part hereby covenants and agrees to convey the said premises above described to the said party of the second part, by a good and sufficient warranty deed, executed by the party of the first part, together with the wife of said party of the first part, in due form of law, which deed shall be delivered to the said party of the second part upon payment being made as herein provided, on or before the first day of March, 1903.

The said party of the first part also agrees on or before the first day of March, 1903, to furnish to the said party of the second part a complete abstract of title to said premises brought down to March 1, 1903, certified to by a competent abstractor, showing perfect title to the said premises, free and clear of any and all encumbrances save and except * * * and allow the said party of the second part a reasonable opportunity to have said abstract examined. The taxes of said premises for the year 1902 are to be paid by the said party of the first part. Possession of said premises is to be delivered to the said party of the second part on or before the first day of March, 1903.

On his part, the said party of the second part agrees to pay the said sum of three thousand forty dollars, in the manner following : two hundred dollars cash in hand, upon the execution of this agreement, receipt whereof is hereby acknowledged; $2.840 cash March 1, 1903, and the remainder in cash upon the —— day of —— and on receipt of the deed as herein above provided.

It is mutually agreed by and between the parties hereto that the covenants and agreements herein contained shall extend to and be obligatory upon the heirs, executors, administrators and assigns of the respective parties; that time is of the essence of this contract, and that either party hereto, who shall fail or refuse to comply with the provisions of this contract on his part to be performed, shall forfeit and pay to the other party the sum of five hundred dollars, which sum is hereby fixed and agreed upon as the liquidated damages to be sustained by either party from failure or default upon the part of the other.

In witness whereof, the parties to these presents have hereunto set their hands and seals to this agreement in duplicate, the day and year first above written.

ABEL BROOKS,    [SEAL.]

W. S. HALANE.  [SEAL.]"

By agreement of the parties a jury was waived and the cause tried by the court, resulting in a finding and judgment in favor of appellee and against appellant for $700, being the amount of the cash payment by appellee under the terms of said contract, and the liquidated damages therein agreed upon.

Without particularizing, it is sufficient to say that the abstract of title furnished by appellant to appellee in pursuance of the provisions of the contract, disclosed that appellant did not have perfect title to thirty-two acres, more or less, undivided, in the tract of land described. Appellee, to avoid a default on his part, demanded of appellant a warranty deed, together with an abstract showing perfect title in the latter, to said land, and tendered to appellant, in consideration therefor, the sum of $2,840, being the unpaid balance of the purchase money. Appellant failing to furnish to appellee any other abstract curing the defects complained of in the title, the latter elected to terminate

the contract, and brought his action to recover the money above mentioned.

The first question to be determined, involves the construction of the contract as regards the extent of the estate appellant agreed to convey to appellee; whether thirty-two acres, more or less, undivided, in the tract of land described, or, as contended by appellant, all his right, title and interest in said tract. The language of the contract is : " The said party of the first part hereby sells to the said party of the second part, the following described real estate, to wit: Thirty-two acres, more or less, being my undivided interest in land belonging to the estate of W. F. Barclay, the S. half of N. E. quarter, and the N. E. quarter of the N. E. quarter section 24," etc. This language, considered standing alone, unrelated to the subsequent clauses of the contract providing for a complete abstract of title, etc., must, logically and grammatically, we think, be construed to relate to the sale of thirty-two acres, more or less, in the larger described tract, and no other construction seems possible, if any effect is to be given to the words, " thirty-two acres, more or less." The words, "being my undivided interest in land belonging to the estate of W. F. Barclay," are descriptive merely of the " thirty-two acres, more or less," and serve the further purpose of designating the interest sold as undivided, and not in severalty. The word " interest " is here equivalent to part or share, and is not to be construed as designating the extent of the vendor's title.

It may be conceded, (assuming the rule to be applicable to an executory contract for covenants of title, as it is to such covenants in a deed,) that if the contract in question is to be construed as one for the sale of appellant's right, title and interest only in the premises, the covenant to furnish an abstract showing perfect title in appellant to the premises, free and clear of any and all encumbrances, would not operate to enlarge the estate granted, but would be limited thereby. Holbrook v. Debo, 99 Ill. 372.

In Hoxie v. Finney, 16 Gray (Mass.), 332, where the deed was for all of the grantor's right and title in certain land,

with covenants that he was seized in fee of the granted premises, that they were free from all encumbrances, and that he would warrant them to the grantee against the lawful claims of all persons, it was held that the covenants were limited by the description of the subject granted—that is, to the grantor's right and title, and were not broken by an eviction of the grantee under an encumbrance previously created by the grantor. The construction of the contract contended for by appellant would, however, in view of the foregoing established principle, render. the covenant to furnish an abstract showing perfect title nugatory and meaningless, and it is not to be presumed that such was the intention of the parties. Every part of the contract is to be given effect, and, if consistent, a construction adopted that will attain that end.

If the contract was for the conveyance of an estate in severalty, in the land described, it would be void for uncertainty, because the thirty-two acres, more or less, in the larger tracts, without specifying the part of such larger tract out of which it is taken, cannot be located. Shackleford v. Bailey, 35 Ill. 387; Allmendinger v. McHie, 189 Ill. 308; Hanna v. Palmer, 194 Ill. 41; Alleman v. Hammond, 209 Ill. 70. But by a conveyance of a definite number of acres, undivided, in a larger tract, the vendee acquires an interest in the whole tract, in proportion as is the number of acres conveyed to the number of acres in the whole tract. Smith v. Crawford, 81 Ill. 296. In the case cited, a conveyance of "an undivided ten acres of land in the east half of section 2, township 39, range 13, etc., in Cook County," was held to pass an interest in the entire tract, equal to the proportion which ten acres bear to the number of acres in the entire tract.

If appellant had agreed to convey thirty-two acres, undivided, in the larger tract described, appellee would be entitled to an undivided estate in the larger tract, in proportion of 32 to 120, or thirty-two one hundred and twentieths of such larger tract. It is, however, insisted by appellant that the contract cannot be construed as one for the sale of an

undivided estate in the tract of land described, because the quantity of land agreed to be conveyed is rendered indefinite by the addition of the words "more or less;" that the proportionate number of acres to which appellee is entitled, undivided, in such larger tracts is not ascertainable. This contention involves a determination of the force and effect to be given to the words "more or less," as used in the contract. The words "more or less," following the designation of the number of acres in a tract of land described by metes and bounds with reference to fixed monuments, are words of safety and precaution, and are intended to cover some slight inaccuracy in the computation of the number of acres contained within the designated boundary lines. A description by metes and bounds and fixed monuments, controls a statement as to quantity. Bishop v. Morgan, 82 Ill. 351. In this case the contract does not describe the land to be conveyed, by metes and bounds, nor by any fixed, ascertainable monuments, and in the absence of any such guides, the words "more or less" do not weaken or destroy the statement of quantity, viz., thirty-two acres. Oaks v. DeLancy, 133 N. Y. 227. In Battee v. Smith, 14 Gray, 497, a deed conveying three and a quarter acres, more or less, undivided, in a certain lot, was held to convey an undivided interest in the whole of said lot, in the proportion which the number of acres specified bore to the whole quantity of land contained therein. Effect can only be given to the manifest intention of the parties, as expressed in the several provisions of the contract, by construing it as is here indicated, and the trial court having so construed it, the judgment will be affirmed.

*Affirmed.*