EDWARD DOUGLAS

*v.*

LENORA BOLINGER *et al.*

*Opinion filed June 19, 1907.*

1. WILLS—*when false words of description in a devise may be stricken out.* Where a will, containing no realty residuary clause, devises to a certain son the "north half of the north-west quarter" of certain land but it appears that the testator in fact owned the west half of such quarter, and that he had devised a similar amount of land to another son, thus indicating an intention by the testator to die testate as to all his property and to give his two sons equal amounts of land, the word "north" may be stricken out of the description and the devise be given effect. (*Decker* v. *Decker,* 121 Ill. 341, followed; *Williams* v. *Williams,* 189 id. 500, distinguished.)

2. SAME—*general rule as to striking out false words of description.* If, in a will, there is a misdescription of the subject of a devise, and if, after striking out that portion of the description which is false, enough remains, when read in the light of the circumstances surrounding the testator at the time the will was executed, to identify the property he intended to devise, the remaining portion of the description may be so read and testator's purpose given effect.

APPEAL from the Circuit Court of Mason county; the Hon. T. N. MEHAN, Judge, presiding.

On July 16, 1906, appellant filed a bill in the circuit court of Mason county asking for a construction of the will of his father, Ebenezer M. Douglas, late of that county. The deceased departed this life on November 15, 1902, and left surviving him, as his only heirs-at-law and legatees, the complainant, Edward Douglas, and the defendants in the bill, Lenora Bolinger, Wilzoura Bolinger, Cassinder Kirby, E. M. Douglas, Jr., Willard Douglas, Kitty Douglas and Evaline Douglas. Appellees appeared and filed a general and special demurrer to the bill. Upon a hearing the demurrer was sustained and the bill dismissed for want of equity. Edward Douglas appeals.

It appears from the bill that at the time of his death Ebenezer M. Douglas was the owner of about five hundred and fifty acres of land in Mason county, Illinois, and by his will he devised certain of his lands, or the proceeds thereof, to the complainant and to each of the above named defendants. The testator undertook to dispose of all of his property by his will, and in it there is no residuary clause under which any realty could pass. The only part of the will about which there is any contention is the third clause, which reads as follows: "Upon the death of my said wife, Evaline Douglas, I give, devise and bequeath to my son Edward Douglas, in fee simple absolute, the north half of the north-west quarter of section twelve (12), (also a forty acre tract,) all in township 20, north, range 5, west of the third principal meridian, in the county of Mason and State of Illinois, to be his own property forever." The amount of land described in this clause of the will is one hundred and twenty acres. By the fourth clause of his will he devises a tract of land containing one hundred and twenty acres to another son, Willard Douglas. The bill further shows that the testator, at the time of his death, did not own the whole of the north half of the said north-west quarter of said section 12, but had owned the west half of the said north-west quarter from a time prior to the date of

the execution of the will and had never owned any other part of that quarter section.

Complainant alleged by his bill that he was the oldest son of said Ebenezer M. Douglas; that by the fourth clause of the will the father had devised to Willard Douglas, another son, one hundred and twenty acres of land and that it was testator's intention to devise to the complainant the same amount, which tract included the said west half of the said north-west quarter of section 12, but by a mistake in drafting the said will it was described as the north half instead of the west half of said north-west quarter. The bill concludes with a prayer for a construction of the will, and asks that the word "north" preceding the word "half" used in describing the land devised to complainant in the said north-west quarter of section 12 be stricken out as surplusage, and that the remainder of the description be held to pass the realty which the testator owned in said north-west quarter of section 12.

It is urged by appellant that the court erred in sustaining the demurrer and in dismissing the bill.

BLINN & COVEY, for appellant.

I. R. BROWN, for appellees.

Mr. JUSTICE SCOTT delivered the opinion of the court:

It appears from the express recitals of the will of Ebenezer M. Douglas, deceased, that he intended by that document to dispose of all the property of which he died possessed. The bill avers that he was the owner of the west half of the north-west quarter of section 12, in town 20, range 5, in Mason county, Illinois; that he never owned any other part of that quarter section, and that his purpose was to devise that part which he did own to Edward Douglas, subject to a life estate in the widow, but that by error said tract was in the will referred to as the north half in-

stead of the west half of the quarter. If the will be given effect according to its precise wording, not only will the purpose of the deceased to die testate as to all his property be defeated but his intent will not be effectuated, in that Edward Douglas will not receive certain property which he intended should pass to him.

While words may not be added to a will nor inserted in lieu of other words stricken therefrom, yet if in a will there is a misdescription of the subject of a devise, and if, after striking out that portion of the description which is false, enough of the description remains, when read in the light of the circumstances surrounding the testator at the time the will was executed, to identify the property he intended to convey, the remaining portion of the description may be so read and the testator's purpose given effect. *Whitcomb* v. *Rodman,* 156 Ill. 116; *Decker* v. *Decker,* 121 id. 341; *Huffman* v. *Young,* 170 id. 290.

In *Decker* v. *Decker, supra,* the description contained in the will was, "twenty acres off the west half of the north-east quarter of the north-east quarter of section 33." The testator did not own the north-east quarter of the north-east quarter but did own the north-west quarter of the north-east quarter, and owned no other land in that quarter section. This court rejected the words "of the north-east quarter" where they first occurred in the description as contained in the will, and, reasoning that the testator's purpose was to devise twenty acres off the west half of that quarter of the north-east quarter of section 33 which he owned, held that the devise would be given effect and taken to convey twenty acres off the west half of the north-west quarter of the north-east quarter of section 33.

The case at bar cannot be distinguished from the one last cited. Striking out the word "north" where it occurs before the word "half" in the description in the clause under consideration in the will of Douglas, leaves a devise of "the half of the north-west quarter of section 12." If the

facts are as stated by the bill, viz., that the only land owned in that quarter by the testator was the west half of the quarter and that it was the purpose of the testator to devise that half of the quarter to Edward Douglas, the devise will be given effect by striking out the false part of the description, to-wit, the word "north" where it appears before the word "half" in the description in the clause in question, and by so construing the will as that the remaining portion of the description will be held to convey that half of the northwest quarter of said section 12 which was actually owned by the testator.

The *Decker case* has been followed and approved in *Whitcomb* v. *Rodman, supra,* and *Huffman* v. *Young, supra.*

Appellees rely principally on the cases of *Kurtz* v. *Hibner,* 55 Ill. 514, *Bingel* v. *Volz,* 142 id. 214, and *Williams* v. *Williams,* 189 id. 500. The distinction between the first of these cases and a case such as the one now before us is pointed out in *Decker* v. *Decker, supra.* This court, in deciding *Bingel* v. *Volz, supra,* differentiated that case from the *Decker case.* In *Williams* v. *Williams, supra,* when the false part of the description was rejected, the portion remaining, when read in the light of the circumstances surrounding the testator at the time of the execution of the will, could not be deemed descriptive of the realty which it was said the testator intended to devise, without inserting in that remaining portion of the description words not found in the will.

The decree of the circuit court will be reversed and the cause will be remanded, with directions to overrule the demurrer.

*Reversed and remanded.*