ALLEN, (KINNEY v.)
[See Kinney v. Allen, Case No. 7,826.]

## Case No. 227.
### ALLEN v. LYONS.
[2 Wash. C. C. 475.][1]
Circuit Court, D. Pennsylvania.   Jan., 1811.

EJECTMENT—TITLE TO SUPPORT—ORPHANS' COURT—JURISDICTION — WILLS — CONSTRUCTION—LATENT AMBIGUITY.

1. In an ejectment against any other person than the proprietary, or one claiming under him, it is not necessary to prove the title out of the proprietaries of Pennsylvania, if a right of entry is proved.

2. The orphans' court, established by the laws of Pennsylvania, has a general jurisdiction, as to intestates' estates, and to direct a sale of real property for payment of debts; and it is not competent for this court to examine the order of that court, whilst it remains in force.

3. The jury, after forty-eight years since the order of the orphans' court, and a conveyance under it, without any pretence of an opposing title in all that time, may presume one dead, intestate, and without issue, alleged to have been so at the time of the proceedings of the court.

4. When, in a will, a devise was of a house and lot in Fourth [Third] street, Philadelphia, and the testator had no property in Fourth [Third] street, but he had a house and lot in Third [Fourth] street, it is a latent ambiguity, and may be explained by parol testimony.

[At law.  Action of ejectment.  Tried by jury.  Verdict for plaintiff.]

The plaintiff, in tracing his title, began with a deed from one R. to William Carter,

[1][Originally published from the MS. of Mr. Justice Washington, under the supervision of Richard Peters, Jr., Esq.]

dated April 1733, granting a rent charge out of this ground, being a lot in Philadelphia; a deed from R. to Benjamin Clark, of the fee simple of the lot, charged with the rent, in 1738: the will of Clark, devising this lot to his wife for life, and to his seven children: deed from the widow and five children to Thomas Campbell, of five-sevenths of the lot: an order of the orphans' court, authorizing the administrator of William Clark, (the son of Benjamin Clark,) to sell the remaining two-sevenths, being his own one-seventh, and the part of a deceased sister, who, it was alleged, but not proved, died without issue, by which William Clark became her heir, dated in 1762: the return and report of the sale, confirmed by that court, and a deed founded thereon in 1762, for the other two-sevenths to Thomas Campbell: the will of Thomas Campbell, by which he devises his lot on Third street, in the occupation of R. H., to his daughter, the lessor of the plaintiff. This property lies on Fourth street, and it appeared from the tax-books, and accounts of the executor of Campbell, that the lot in question, about the time of the making of Thomas Campbell's will, was in the occupation of R. H., and that the rents were received for Sarah, the lessor of the plaintiff, down to 1771. In 1781, this property was confiscated, as belonging to Mr. Allen, the husband of the lessor of the plaintiff, and he is now dead.

The defendant's counsel objected, first; that the plaintiff should show the title to be out of the proprietaries. Secondly; that it did not appear that the orphans' court were authorized to direct a sale of William Clark's share. Thirdly; that it did not appear that he was heir to his sister of her one-seventh. Fourthly; the devise is of a lot on Third street, and this lies on Fourth street; and parol evidence is inadmissible to explain it.

WASHINGTON, Circuit Justice, charged the jury. The case of Hylton v. Brown, [Case No. 6,980,] is express, that in an ejectment against other than the proprietor, or one claiming under him, it is not necessary to show the title out of him, if a right of entry is proved. Secondly; the orphans' court has a general jurisdiction, as to intestates' estates, and to direct a sale for payment of debts, which it appears was necessary in this case, and it is not competent to this court to examine the order of that court, which remains in full force. Thirdly; whether William Clark was the heir to Elizabeth, and became entitled to her one-seventh, is a fact proper for the jury. It is forty-eight years since this order was made by the court, confirmed by them, and the conveyance to Thomas Campbell, in all which time, no pretence of title, adverse to William Clark's, and those claiming under him, has been set up; and in this case, the plaintiff and defendant both claim under his title. In such a case, the jury may presume that

Elizabeth Clark died intestate, and without issue, by which William became entitled to her one-seventh. Fourthly; the ambiguity in the case of Thomas Campbell's will is latent, and may be explained by parol evidence. It does not appear that he had any lot on Third street, but he had one on Fourth street, and that was in the ocupation of R. H. If the jury are satisfied that this was the lot intended, and are also satisfied upon the third point, their verdict ought to be for the plaintiff. Verdict for the plaintiff.