AMERICAN BIBLE SOCIETY *vs.* JOSEPH PRATT.

A bequest of "all moneys due me at the time of my decease from Dedham Bank, Dedham," will not embrace moneys of the testator on deposit in the "Dedham Institution for Savings," usually known as the "Dedham Savings Bank," there being in that town another institution usually known as the "Dedham Bank"; and parol evidence is inadmissible to show that the testator at the time of making his will and at his death had moneys on deposit in the Dedham Institution for Savings, and never had moneys on deposit in the Dedham Bank.

CONTRACT against the executor of the will of Abigail Ruggles, to recover moneys due to her at the time of her death from the Dedham Institution for Savings.

The following facts were agreed in the superior court: Abigail Ruggles, late of Walpole in the county of Norfolk, died in January 1863, leaving a will which contained the following bequest: "I give and bequeath to the American Bible Society all moneys due me at the time of my decease from Dedham

Bank, Dedham, Mass., which money shall be paid within three months after my decease, by my executor, to the treasurer of said society." For years previous to the time of making her will, she had deposited moneys in the " Dedham Institution for Savings," a corporation known among its depositors and a large portion of the community as the Dedham Savings Bank, and at the time of her death there was due to her from said corporation the sum of $569.11, which sum the defendant had collected, and refused to pay to the plaintiffs. There was also in Dedham before the date of the will another corporation generally known as the Dedham Bank, its corporate name being " The President, Directors, and Company of the Dedham Bank "; but she has never been a stockholder or depositor in this corporation.

Upon these facts judgment was rendered for the defendant, and the plaintiffs appealed to this court.

*E. Worthington*, for the plaintiffs. For the purpose of identifying the bank intended by the testatrix, the court may inquire into extrinsic facts and circumstances. Wigram on Extrinsic Ev. (3d ed.) 11–14, 116. 1 Greenl. Ev. §§ 297–301. 1 Jarman on Wills, 371. Redfield on Wills, 609. *Townsend* v. *Downer*, 23 Verm. 225. *Sutton* v. *Cole*, 3 Pick. 232. The language employed here is applicable to two banks. That construction should be preferred which will give effect to the will. 2 Powell on Dev. 5. In the present case, the circumstances show clearly which bank the testatrix meant. *Button* v. *Amer. Tract Society*, 23 Verm. 336. *Winkley* v. *Kaime*, 32 N. H. 268. *Allen* v. *Lyons*, 2 Wash. C. C. 475. *Selwood* v. *Mildmay*, 3 Ves. 306.

*G. F. Hoar*, for the defendant, cited Wigram on Extrinsic Ev. (3d ed.) 22, 23, 123–129 ; 1 Jarman on Wills, 365 ; 1 Greenl. Ev. § 299 ; *Brown* v. *Saltonstall*, 3 Met. 423 ; *Barrett* v. *Wright*, 13 Pick. 45.

METCALF, J. It is an unquestioned general rule of law that no extrinsic evidence of the intention of a testator is admissible to control or alter the written provisions of his will. There is an exception to this rule in cases of latent ambiguity; that is, when the will on its face is clear, and becomes doubtful only when applied to the subject matter of the devise or bequest, or

to the devisee or legatee. And the question now before us is, whether this case is within the general rule or within the exception.

The cases on this subject are numerous. They are also irreconcilable, as was said by Lord Abinger, 5 M. & W. 367, and by Shaw, C. J., 7 Met. 204; less latitude in the admission of extrinsic evidence having been allowed in the later cases than in the earlier. 1 Greenl. Ev. § 289. 1 Story on Eq. (8th ed.) § 180 *a.* A much larger number of these cases relate to the admissibility of such evidence to show who were the devisees or legatees intended by the testator, than to its admissibility to show what was the intended subject matter of his devise or bequest. But the same general principle is everywhere treated as applicable alike to both classes of cases. In none of the books which treat of this matter do we find these two classes of cases discussed separately, but the two are intermixed, as if there were no difference in the principle to be applied to them; and courts, in deciding cases of one class, refer to and apply decisions on the other. " I do not know much difference," said Lord Hardwicke, " in error in the description of the person of the legatee or of the thing." 1 Ves. Sen. 256. And in 7 Met. 204, Chief Justice Shaw declared that the judgment in *Miller* v. *Travers*, 8 Bing. 244, excluding extrinsic evidence as to the estate intended to be given by a will, was decisive that such evidence as to a testator's intended legatee was inadmissible, in the case then before the court for adjudication.

Now it seems to us there can be no doubt that if this testatrix had made a bequest to the Dedham Bank, in Dedham, the Dedham Institution for Savings could not successfully have claimed it; that extrinsic evidence would not have been admissible to show that she meant that institution and not the bank named in her will. The case of *Tucker* v. *Seaman's Aid Society*, 7 Met. 188, is conclusive on this point. And we incline to the opinion that we might well decide this case for the defendant on this single ground. But we have proceeded to examine all the authorities and grounds of argument found on the parties' briefs.

*Selwood* v. *Mildmay*, 3 Ves. 306, was cited by the counsel fo
the plaintiffs — a case in which the testator bequeathed to his
wife the interest and proceeds of £1250, part of his stock in
the four per cent. annuities of the Bank of England. Evidence
was admitted that he had no stock in those annuities, either
when he made his will or when he died, but that he formerly
had such stock, and had sold it and invested the proceeds
thereof in long annuities, which were his at the time of his
death; and it was decided that the bequest should operate on
those long annuities. See also *Gallini* v. *Noble*, 3 Meriv. 691;
*Lindgren* v. *Lindgren*, 9 Beav. 358, and other similar cases cited
in Wigram on Extrinsic Ev. (3d ed.) 102–106; and Redfield on
Wills, 600–603; *Roman Catholic Orphan Asylum* v. *Emmons*, 3
Bradf. (N. Y.) 144. It would be a useless labor to examine and
discuss these cases severally, and to state the differing opinions
of judges and writers concerning them. It will be found, in all
of them, that the testator bequeathed property purporting to be
that which he had at the time of making his will; that he had
not then the property described, but had other property of a
similar nature, which was held to pass by the bequest. We
cannot apply those cases to the will of this testatrix, who be-
queathed, not what purported to be hers in the Dedham Bank
when her will was made, but what might be hers in that bank
at the time of her decease. No decision on a case like this was
referred to in argument, or is to be found, which warrants the
admission in evidence of the facts agreed in the present case, to
show that the testatrix meant that the plaintiffs should have the
money that might be due to her, not in the bank named by her,
but in another institution. When she made her will, she may
have designed to deposit in the Dedham Bank money which, or
so much thereof as might be there at her decease, should be
received by these plaintiffs. Besides; if it had so happened
that she, after her will was made, had deposited money in that
bank for safe keeping merely, or if a third person had deposited
money there in her name and for her personal benefit, there can
be no legal pretence for denying that such money, or such part
of it as should have remained there at her decease, however

small the sum, would have been all which the plaintiffs could legally claim under this bequest. The consequence, that in such case the presumed wishes of the testatrix would have been frustrated, and that the bequest might have been inadequate to effect her benevolent purpose, is no legal reason for admitting extrinsic evidence which is not admissible in other cases. *Jones* v. *Curry,* 1 Swanst. 66.

The cases of *Allen* v. *Lyons,* 2 Wash. C. C. 475, and *Winkley* v. *Kaime,* 32 N. H. 268, cited by the plaintiffs' counsel, are of a class mentioned in 1 Greenl. Ev. § 301, and in other books, where upon applying a will to its subject matter it appears that the description of that subject matter is true in part, but not true in all particulars. In such cases, so much of the description as is false is rejected, and the will takes effect if a sufficient description remains to ascertain its application. The maxim, *falsa demonstratio non nocet,* is applied to such cases. In the case in 2 Wash. C. C. the testator devised to his daughter his lot in Third Street, Philadelphia, in the occupation of H. Evidence was admitted that he had no lot in Third Street, but had a lot in Fourth Street, in the occupation of H. After rejecting Third Street, as a false description, sufficient remained to show that he meant to devise his lot which was occupied by H. The case in 32 N. H. and several English cases are of the same kind. But neither of them is applicable to the present case. To make a case of that class applicable to this, a decision should be produced like that which we will suppose: to wit, that a testator, who never had but one house, and that in Boston, had devised any house he should have in Dedham, at the time of his decease, and it had been adjudged that his house in Boston passed by that devise. *Judgment for the defendant.*