## Z. T. HUFF v. ISAAC B. WEBB.

(Case No. 5263.)

1. EVIDENCE — VARIANCE. — In trespass to try title to a tract of land which constitutes a portion of a larger survey, a deed which begins the description of the land conveyed at a point on the *north* line of the survey, when by reference to the other calls it was manifest that the *south* line was intended, was properly admitted in evidence — it further appearing that to begin on the north line would place the land sued for entirely beyond the limits of the larger tract of which it was alleged to constitute a part, and that no special exception to the petition, which followed the deed in its misdescription of the land, was taken.

2. PLEADING — DESCRIPTION. — The description of land sued for as contained in the pleadings, which fails to give the course of one of the lines of the survey, is not fatally defective, when, from the course and distance of the lines described, its course is rendered certain.

3. SAME. — When a misdescription of surveys occurs in the title papers through which a party in trespass to try title deraigns his title, the mistake should be alleged in the pleading. But when this is not done, and the other calls in the deed correct the mistake with reasonable certainty, the objection, unless raised by special exception, will not be heard for the first time when the deed is offered in evidence.

4. ACKNOWLEDGMENT — AUTHENTICATION. — A certificate, formal in other respects, which declares that the party whose name appears to a deed to which the certificate is attached, appeared " and acknowledged that ———— " had signed, sealed and delivered the same, is not sufficient. The certificate should have shown on its face that *he*, the one whose name appeared, acknowledged that *he* executed the same. Following Buell *v.* Irwin, 24 Mich., 152.

ERROR from Hill. Tried below before the Hon. Jo Abbott.

Suit brought by Webb against the plaintiff in error to recover land, described in the petition as it was in the deed offered, which will be seen in the opinion.

The defendant's pleading consisted in a general demurrer, general denial and plea of not guilty. No objection was made to the manifest misdescription of the land contained in the call, to begin the survey on the north line of a survey of which the tract formed a part, until the deed was offered in evidence. The certificate of acknowledgment, held defective, will be found in the opinion.

*B. D. Tarlton*, for plaintiff in error, cited: Welder *v.* Carroll, 29 Tex., 324; Hughes *v.* Sandall, 25 Tex., 164; Buell *v.* Irwin, 24 Mich., 145.

*A. B. McKinnon*, for defendant in error, cited: Hilliard on Real Prop. (4th ed.), vol. 3, p. 679; Webb *v.* Huff, 61 Tex., 677; Chandler *v.* Spear, 22 Vt., 388.

STAYTON, ASSOCIATE JUSTICE.— The description of the land sued for, as given in the petition, was defective in that the third call does not give the course of the line, but this would be corrected by the succeeding call, which gives the course and length of the fourth line, from which, in connection with the other lines called for, is given the course of the third line.

It appears also that the call for the beginning corner of the tract of land in controversy, on the north line of the Merriwether survey, of which it is a part, is erroneous, but this matter was not called to the attention of the court by a special demurrer, and was not probably brought to the attention of the court by the general demurrer.

The deeds offered in evidence by the plaintiff describe the land as follows: "A certain tract or parcel of land lying in Hill county, Texas, beginning at a pile of rock on north line of W. O. Merriwether survey eight hundred varas north eighty degrees east from the southwest corner of said survey. Thence north eighty degrees east six hundred and forty varas to a pile of rocks on the north line of said survey. Thence north ten degrees west eight hundred and eighty-two varas to a pile of rocks in prairie. Thence south eighty degrees west six hundred and forty varas to a pile in prairie. Thence south ten degrees east eight hundred and eighty-two varas to beginning;" and when offered were objected to on the ground that they were void for uncertainty and inconsistent description, no parol evidence having been introduced to reconcile the inconsistency found in the deeds.

The entire Merriwether tract is thus bounded: Beginning "at a rock whence a willow fifteen inches in diameter bears north sixty degrees east sixteen varas, and a hackberry four inches in diameter bears south eighty-six and one-half degrees east eleven and one-half varas. Thence north four hundred varas to the northeast corner of T. B. White's three hundred and twenty acre survey, a stake whence a cottonwood thirty inches in diameter bears north forty-one and one-half degrees east twenty-five varas. Thence north ten degrees west three thousand five hundred and five varas to a stake, whence a hackberry six inches in diameter bears south eleven degrees east four hundred and three varas; another fifteen inches in diameter bears south eleven degrees east four hundred and eleven varas. Thence north eighty degrees east one thousand nine hundred and seventy-five varas, a pile of rock. Thence south ten degrees east three thousand nine hundred varas to a corner in prairie. Thence south eighty degrees west two thousand and forty-one varas to the beginning."

There is no controversy as to the true locality of the Merriwether survey.

From this description of the entire grant and of the tract in controversy, it is evident that the call to commence on the *north* line of the survey eight hundred varas north eighty degrees east of the southwest corner of the survey is a mistake, and that the true point of beginning is on the south line of the survey at the course and distance called for from the southwest corner.

This is rendered evident by the fact that, to commence on the north line of the survey and run course and distance called for, the tract in controversy would lie entirely without the Merriwether survey, of which the deeds declare it to be a part.

Moreover, the call to commence it at a point eight hundred varas north eighty degrees east from the southwest corner of the survey clearly shows that the beginning corner is on the south line of the survey; for the corner called for is the same as the south line runs.

The mistaken call to commence on the north line of the survey, being corrected by the other matters of description, must be disregarded, and effect given to the other calls which will carry out the manifest intention of the parties to the deeds, and the court correctly admitted those in evidence.

Where mistakes of this character have been made in deeds, in suits of this kind, the pleadings should allege the mistake, and in this case it no doubt would have been alleged had attention been called to it by a special demurrer; but where such demurrer is not presented, a defendant ought not to be heard to raise the objection for the first time when the deeds are offered in evidence, if there be that in the deeds which, with reasonable certainty, corrects the mistake and identifies the land intended to be conveyed.

The plaintiff, as a link in his chain of title, offered in evidence a deed having the following certificate of acknowledgment:

"STATE OF TEXAS,   }
    *County of Brown.* }

"Before me, W. H. Skelton, J. P., and *ex officio* notary public in and for the county of Brown, personally appeared G. I. Goodwin, to me well known, party to the above instrument of writing bearing date the 9th day of April, A. D. 187–, and acknowledged that —— had signed, sealed and delivered the same for the purposes and consideration therein stated. In testimony," etc.

The deed was objected to on the ground that the certificate of acknowledgment did not show that G. I. Goodwin acknowledged that *he* had executed the deed, and this objection was overruled.

A deed though admitted to record cannot be admitted in evidence

as a recorded instrument, unless it be authenticated for record in a manner in substantial compliance with the requirements of the statute.

It is necessary to a proper certificate of acknowledgment of a deed or other instrument, that it should appear that the maker appeared before the officer " and stated that *he* executed the same." R. S., 4308, 4312.

In the certificate before us, it is not made to appear that G. I. Goodwin declared before the officer that *he* executed the deed.

This cannot be inferred from the fact that he appeared before the officer and acknowledged that some person not mentioned or indicated had executed it.

A certificate of acknowledgment containing the same defect as that in the certificate before us was examined by the supreme court of Michigan, in the case of Buell *v.* Irwin, 24 Mich., 152, and was held insufficient.

The deed should have been excluded when offered as a properly recorded instrument. And for the error of the court in admitting it, the judgment of the court below will be reversed and the cause remanded.

It is so ordered.

REVERSED AND REMANDED.

[Opinion delivered June 5, 1885.]