WILLIAM J. COLLINS *et al.* Appellees, *vs.* NELLIE CAPPS *et al.* Appellants.

*Opinion filed October 26, 1908.*

1. WILLS—*parol evidence is admissible to identify subjects and objects of testator's bounty.* In determining the testator's intention, parol evidence, though not admissible to change the language of the will, may be received when necessary to identify the subjects or objects of the testator's bounty.

2. SAME—*when errors of description do not avoid the devise.* While a court of equity cannot correct a mistake in a will by reforming the instrument, yet all the circumstances surrounding the testator and the state and description of his property may be shown for the purpose of applying the language used to the conditions existing, and errors of description, either of the devisees or the devise, will not avoid the devise, if enough remains, after rejecting the errors, to show with certainty what was intended when considered from the testator's position.

3. SAME—*when false word of description may be stricken out.* Where a will devises the "west half" of a certain quarter section, "containing about seventy-six (76) acres," but the evidence shows that the only land owned by the testator in such section or county was seventy-six acres in the *north* half of said quarter section, the word "west" may be stricken out and the devise be given effect as a devise of "the half" of said quarter section which the testator owned, even though there is a residuary clause in the will.

APPEAL from the Circuit Court of McLean county; the Hon. COLOSTIN D. MYERS, Judge, presiding.

WIGHT & ALEXANDER, for appellants.

JACK, IRWIN, JACK & MILES, and BRACKEN, YOUNG & PEIRCE, for appellees.

Mr. JUSTICE DUNN delivered the opinion of the court:

William Collins died on April 30, 1901, having on the day before made his will, whereby he gave to his wife all his personal property absolutely, and the use, income and rentals of all his real estate during her life. The third paragraph of the will contains the following language:

"*Third*—At the decease of my said wife, I give, devise and bequeath unto my son William J. Collins, of McLean county, Illinois, that certain tract of land in said county described as follows: The west half of the north-east quarter of section ten (10), in township twenty-one (21), range one (1), west, containing about seventy-six (76) acres. *Provided, however,* my daughter Mary E. Collins shall have an interest in said premises and a lien thereon to the extent of $1000, which shall be paid to her upon the sale of said property, and until it shall be sold and conveyed my said son William shall pay to her on March 1 each year the sum of seventy-five dollars ($75.) It is my desire that said farm should not be sold for five years after the decease of my said wife, and if my said son William or my said daughter Mary Eliazbeth shall die without issue before said land shall be conveyed, the fee simple title thereto shall vest absolutely and in fee in the surviving brother or sister."

The fifth paragraph is as follows:

"*Fifth*—All the balance and residue of my property, real and personal, I give, devise and bequeath to my wife, Eliza Collins."

The testator owned the north half of the north-east quarter of section 10 mentioned in the will, except four

acres which was occupied by a railroad right of way, but not the south-west quarter of the north-east quarter of said section, nor any other land in said section or in McLean county. He also owned one hundred and twenty acres of land in Logan county, which was specifically devised by another clause of his said will, and he owned no other real estate. Mrs. Collins died a few days after her husband, and after the expiration of five years William J. Collins, who has since his mother's death been in possession of the north half of the north-east quarter of said section 10, and his sister, Mary E. Collins, filed their bill for the construction of their father's will, praying that they may be decreed to be entitled under the said will to the north half of the north-east quarter of said section 10. All the other heirs of William Collins, who were also all the heirs of his wife, were made defendants, and a cross-bill was filed for the partition of the north-east quarter of the north-east quarter of section 10 among the heirs of the wife, under the claim that she took the title thereto under the fifth clause of the will. On a hearing the court dismissed the cross-bill and decreed the relief prayed in the original bill. The question presented by this appeal is whether the devise is of the west half of the quarter section or the north half.

The purpose of the construction of a will is to determine the intention of the testator. That intention must be found in the words of the will itself, as applied to the subjects and objects of the testator's bounty. Parol evidence, though not admissible to change the language of the will, may be received when necessary to identify such subjects and objects. A court of equity cannot correct a mistake in a will by reforming the instrument, but all the circumstances surrounding the testator and the state and description of his property may be shown, for the purpose of applying the language used to the conditions existing. However many errors there may be in a description either of a devisee or the subject of a devise, the devise will not be avoided if

enough remains, after rejecting the errors, to show with certainty what was intended, when considered from the position of the testator.

In this case the testator, after devising to his wife the use of all his real estate for life, attempted to dispose of it all after her death by specific devises. The Logan county farm was thus disposed of and no question arises as to it. But when we come to the McLean county farm of seventy-six acres the error in describing it as the west half of the quarter section instead of the north half defeats the intention of the testator unless it can be corrected from the language of the will itself, in view of circumstances surrounding the testator. No doubt whatever can exist as to the testator's intention. The only question is whether such intention is expressed in the will after the rejection of the false part of the description.

The case in this particular is not distinguishable from the cases of *Decker* v. *Decker,* 121 Ill. 341, *Douglas* v. *Bolinger,* 228 id. 23, and *Felkel* v. *O'Brien,* 231 id. 329. If the word "west" is stricken out of the clause of the will under consideration, there remains a devise of "the half of the north-east quarter" of the section. The testator owned a tract of land, and only one, to which this description applies, and it must be regarded as the tract intended to be devised. In each of the cases cited it was held that where it appears that the description of land devised, though full, certain and explicit on the face of the will, is in part false and the testator did not own the land, extrinsic evidence may be heard, not to add to or change the words of the will, but to show the situation of the testator's property, and to enable the court to apply the words to the subject matter in view of the circumstances surrounding the testator at the time of the execution of his will, and if enough remains, after striking out the false part of the description, to identify the property the testator intended to convey, his intention will be given effect. In Page on Wills (sec. 819,

p. 376,) it is said: "Where testator describes the property devised by township, range, section and quarter section but does not locate it in the correct section or range, or the like, the weight of authority is that extrinsic evidence is admissible to show exactly what real estate the testator owned. Under this view, if he owns any real estate which corresponds, in part, to the description in the will, the court will reject the incorrect part of the description and will pass the realty conveyed by the correct description." Other cases in which the principle has been applied are *Whitcomb* v. *Rodman,* 156 Ill. 116; *Huffman* v. *Young,* 170 id. 290; *Vestal* v. *Garrett,* 197 id. 398; *Merrick* v. *Merrick,* 37 Ohio St. 126; *Pate* v. *Bushong,* 161 Ind. 533; *Eckford* v. *Eckford,* 91 Iowa, 54; *Stewart* v. *Stewart,* 96 id. 620; *Moreland* v. *Brady,* 8 Ore. 303; *Riggs* v. *Myers,* 20 Mo. 239; *Allen* v. *Lyons,* 2 Wash. C. C. 475; *Winkley* v. *Kaime,* 32 N. H. 268; *Patch* v. *White,* 117 U. S. 210.

It is sought to distinguish this case from the *Decker case* on the ground that the will there stated the testator's intention to devise "a part of my real estate," while here there are no words of ownership or possession. The distinction is immaterial. The presumption is that the testator intended to dispose of property which he owned. (*Pate* v. *Bushong, supra; Patch* v. *White, supra; Case* v. *Young,* 3 Minn. 209.) In the latter case the will gave to the wife "one-third of all real estate," to a son David "the north half of the real estate," to a son Jacob "the south half of the real estate," and no other description was found in the will. The court held that it was the intention of the testator to devise his own lands to his sons, and extrinsic evidence was competent to identify them. In *Whitcomb* v. *Rodman, supra, Huffman* v. *Young, supra,* and *Vestal* v. *Garrett, supra,* there were no words of ownership or possession.

It is also sought to distinguish this case from those of *Douglas* v. *Bolinger, supra,* and *Felkel* v. *O'Brien, supra,*

on the ground that there was no residuary devise in either of those cases. Appellants claim that there being a residuary clause here, no presumption arises that the testator intended to dispose of all of his property by the specific devises. He did dispose of all except this McLean county land by other specific devises, and by the clause under consideration he undertook to dispose of the half quarter of section 10, containing seventy-six acres, thus manifesting sufficiently his intention to dispose of the remainder in all the land, after his wife's life estate, by the specific devises. The residuary clause is therefore not material in the consideration of the case. The specific bequest, after omitting the false descriptive word "west," is of the half of the quarter section. It is presumed to be the half the testator owned.

The appellants rely upon the cases of *Kurtz* v. *Hibner,* 55 Ill. 514, *Bingel* v. *Volz,* 142 id. 214, *Williams* v. *Williams,* 189 id. 500, and *Lomax* v. *Lomax,* 218 id. 629. In those cases the rule was expressly recognized that repugnant elements in the description employed in the devise may be rejected, and if, after this is done, a sufficient description remains, when interpreted in the light of surrounding circumstances, to identify the land, the devise will be given effect. But it was also held that the court had no power to reform a will or correct a mistake therein by inserting or changing words, and that in each of those cases the rejection of the repugnant words did not leave a description which, when read in the light of the circumstances surrounding the testator at the time of the execution of the will, was sufficient, without inserting words not found in the will, to identify the property which it was claimed the testator intended to devise.

The decree of the circuit court will be affirmed.

*Decree· affirmed.*