WILLIAM OSCAR GANO *et al.* Appellees, *vs.* DAVID T. GANO, Appellant.

*Opinion filed April 23, 1909.*

1. WILLS—*purpose of construing will is to ascertain intention of testator.* The purpose of construing a will is to ascertain the intention of the testator, which intention must be found in the words of the will itself as applied to the subjects and objects of the testator's bounty; and evidence of the state and condition of the testator's property is admissible to identify such subjects and objects and to apply the language of the will to existing conditions.

2. SAME—*when devise is not avoided by errors of description.* However many errors there may be in a description, either of the devisee or the subject of the devise, the devise will not be avoided if enough remains, after rejecting the errors, to show with certainty what was intended when considered from the position of the testator; and it is to be presumed the testator intended to dispose of property which he owned.

3. SAME—*when a devise will be sustained by rejecting false words.* Where a testator devises "the south-east quarter of the *north-east* quarter and the north-east quarter of the *north-west* quarter" of a certain section, but it appears that the description of the first forty acres follows an error in the testator's deed, under which he took possession and claimed to own, for more than forty years, a forty-acre tract in the north-west quarter, supposing the description in his deed applied thereto, the words "quarter of the north-east quarter" may be rejected and the devise be given effect as to "the south-east and the north-east quarter of the north-west quarter" of the designated section.

CARTWRIGHT, C. J., FARMER and VICKERS, JJ., dissenting.

APPEAL from the Circuit Court of DeWitt county; the Hon. W. G. COCHRAN, Judge, presiding.

HERRICK & HERRICK, for appellant:

In seeking the intention of the testator as to the construction and interpretation that should be placed upon ambiguous terms or clauses in a will, the relation of the parties, the nature and situation of the subject matter, the purpose of the instrument and the motives which might reasonably be supposed to influence the testator in the disposition of his property may properly be considered. *Wardner* v. *Memorial Board*, 232 Ill. 606; 2 Underhill on Wills, secs. 909-914; *Smith* v. *Bell*, 6 Pet. 82; 27 Am. & Eng. Ency. of Law, 21; 17 Cyc. 673.

It will be presumed, in the case of a will, that the testator intended to dispose of his entire estate. The presumption further is that the testator by his will intends to devise real estate of which he is the owner or in which he has some interest. If it appears *dehors* the will that he had no interest in the property devised, such fact, in itself, raises a latent ambiguity in the will, which can only be explained by testimony showing his intent with reference to the subject of the devise. Redfield on Wills, 442; *Higgins* v. *Dwen*, 100 Ill. 554; *Felkel* v. *O'Brien*, 231 id. 329; *Boehm* v. *Baldwin*, 221 id. 59; *Decker* v. *Decker*, 121 id. 341; *Patch* v. *White*, 117 U. S. 210.

The fact that there is no residuary clause in the will strengthens the presumption that the testator intended his will to dispose of his entire estate. *Felkel* v. *O'Brien*, 231 Ill. 329.

Where an ambiguity in a will consists of a misdescription, if the misdescription can be stricken out and enough remain in the will to identify the person or thing the court will deal with it in that way, or, if it is an obvious mistake, will read it as corrected. *Decker* v. *Decker*, 121 Ill. 341.

While words cannot be added to a will, yet in arriving at the intention of the testator so much as is false in the description of the premises devised may be stricken out, and, after striking out the false description, if enough remains to

identify the premises intended to be devised, the will may be read and construed with the false words eliminated therefrom. *Whitcomb* v. *Rodman,* 156 Ill. 116; *Huffman* v. *Young,* 170 id. 290; *Decker* v. *Decker,* 121 id. 341; *Felkel* v. *O'Brien,* 231 id. 329; *Douglas* v. *Bolinger,* 228 id. 23; *Boehm* v. *Baldwin,* 221 id. 59; *Vestal* v. *Garrett,* 197 id. 398; *Rose* v. *Hale,* 185 id. 379; *Tewksbury* v. *French,* 44 Mich. 100; *Waldren* v. *Waldren,* 45 id. 350; *Wales* v. *Templeton,* 83 id. 177; *Pate* v. *Bushong,* 161 Ind. 582; *Cleverly* v. *Cleverly,* 124 Mass. 314; *Patch* v. *White,* 117 U. S. 210; *Gilmar* v. *Stone,* 123 id. 586.

INGHAM & INGHAM, for appellees:

Courts cannot and will not entertain a bill filed to reform a will. *Bingel* v. *Volz,* 142 Ill. 214.

A bill in equity will not lie to correct a mistake in the description of land devised in a will by the substitution of another tract in the place of the one described, nor can this be done indirectly under the pretense of construing the will. *Bingel* v. *Volz,* 142 Ill. 214.

While it is true that sometimes, in arriving at the intention of the testator, so much of the description of the premises as is false may be stricken out or eliminated and the will then read as it appears after the elimination, yet that will not be done unless enough remains to identify the premises intended. *Whitcomb* v. *Rodman,* 156 Ill. 116.

While it is true that in construing a will so much of the description as is false may be eliminated, provided enough then remains to identify the premises, yet no word or words can be added or supplied. *Felkel* v. *O'Brien,* 231 Ill. 329; *Douglas* v. *Bolinger,* 228 id. 23.

Mr. JUSTICE DUNN delivered the opinion of the court:

George D. Gano died in March, 1906, leaving a will whereby he devised to his wife the use of all his real estate during her life. Subject to the life estate to his wife he de-

vised to the appellant, who was his son, the south-east quarter of the north-east quarter and the north-east quarter of the north-west quarter of section 14, township 19, north, range 3, east of the third principal meridian. To his other children and to his grandchildren he devised other parts of his real estate, subject to the life estate to his wife. The testator owned all of the north-west quarter of section 14, but none of the north-east quarter. He had bought the south-east quarter of the north-west quarter in 1867 and occupied it for nearly forty years, but after his death it was found that the deed which was supposed to have conveyed the title to him did not describe it but did describe the south-east quarter of the north-east quarter. The surviving wife and all the adult heirs conveyed to the appellant all their interests in the south-east quarter of the north-west quarter of section 14, but on behalf of the appellees, William Oscar Gano, Lola Pearl Gano and Freta Bell Gano, who were the minor children of a deceased son of the testator, a bill was filed for the partition of said tract. The appellant, having answered, filed a cross-bill setting up the foregoing facts, and praying that the will might be construed as devising to him the south-east quarter of the north-west quarter of section 14, subject to the life estate to the wife. From a decree sustaining a demurrer to the cross-bill and dismissing it for want of equity this appeal is prosecuted.

The clause of the will under which the appellant claims reads as follows:

"*Third*—I give, devise and bequeath to my son David T. Gano the following described real estate, to-wit: The south-east quarter of the north-east quarter and the north-east quarter of the north-west quarter of section 14, township 19, north of range 3, east of the third principal meridian, in DeWitt county, Illinois. Subject to the life estate of my wife, Susan E. Gano, as provided in second clause of this my last will and testament."

The purpose of the construction of a will is to ascertain the intention of the testator, which intention must be found in the words of the will itself, as applied to the subjects and objects of the testator's bounty. Evidence of the state and condition of the testator's property is admissible for the purpose of identifying such subjects and objects and applying the language of the will to the existing conditions. However many errors there may be in a description, either of a devisee or the subject of a devise, the devise will not be avoided if enough remains, after rejecting the errors, to show with certainty what was intended, when considered from the position of the testator. (*Collins* v. *Capps,* 235 Ill. 560.) In this case the testator made specific devises of his real estate after the termination of the life estate given to his wife. It is to be presumed that he intended to dispose of property which he owned. He intended to devise to the appellant eighty acres. Forty acres were properly described, and the other forty were described by the description contained in the deed under which the testator claimed the premises in controversy and had taken and held undisputed possession of them for nearly forty years. There is no doubt as to the intention existing in the testator's mind. Did he express it in his will?

The devise is of "the south-east quarter of the north-east quarter and the north-east quarter of the north-west quarter of section 14," etc. If the words "quarter of the north-east quarter" are stricken out, there remain the words "the south-east and the north-east quarter of the north-west quarter of section 14," etc. The testator owned the south-east quarter of the north-west quarter and had the power to devise it, but he did not own and could not devise the south-east quarter of the north-east quarter. Applying the language used in view of the situation of the testator's property and striking out the false part of the description referring to property which the testator did not own, the language identifies the property intended to be devised.

This case cannot be distinguished from those of *Decker* v. *Decker,* 121 Ill. 341, *Douglas* v. *Bolinger,* 228 id. 23, *Felkel* v. *O'Brien,* 231 id. 329, and *Collins* v. *Capps, supra.* In each of these cases it was held that where it appears that the description of land devised, though full, certain and explicit on the face of the will, is, in part, false and the testator did not own the land, extrinsic evidence may be heard, not to add to or change the words of the will, ,but to show the situation of the testator's property and to enable the court to apply the words to the subject matter in view of the circumstances surrounding the testator at the time of the execution of his will, and if enough remains, after striking out the false part of the description, to identify the property the testator intended to convey, his intention will be given effect. If the testator owns any real estate which corresponds, in part, to the description in the will, the court will reject the incorrect part of the description and will pass the realty conveyed by the correct description. (Page on Wills, sec. 819, p. 376.) Many cases in which this principle has been applied are cited in *Collins* v. *Capps, supra.* It is the settled rule in this court.

The decree of the circuit court will be reversed and the cause remanded to that court, with directions to overrule the demurrer to the cross-bill.

*Reversed and remanded, with directions.*


Mr. JUSTICE VICKERS, dissenting :

I do not concur in the majority opinion. The desire of courts to avoid the consequences of holding a will invalid may be commendable, but it ought not to be carried to the extent of making a new will for the testator or reforming one so imperfectly made that it is necessary to strike out one matter of substance and insert another. To do so is to carry the restricted latitude allowed in construction into the boundless field of reformation.

The object to be attained by a construction of a will is to discover the intention of the testator. The intention sought for must be that expressed by the words of the will itself, as applied to the objects and subjects of the testator's bounty. Parol evidence cannot be received to contradict, add to or explain the contents of a will. (1 Jarman on Wills, 409.) This rule is steadfastly adhered to, even where the consequence is a partial or total failure of the testator's intended disposition. Parol evidence is admissible to enable the court to interpret the will in the light of surrounding circumstances. (*Collins* v. *Capps*, 235 Ill. 560.) Courts of equity will not entertain a bill to reform a will that is clear and unambiguous on its face, on the ground that the testator has made a mistake either in the description of the beneficiaries or the property devised to them, except to the extent that such mistake can be corrected by eliminating words of false description, and construing the will, after such words have been rejected, in the light of surrounding circumstances. (*Collins* v. *Capps, supra.*) This court has long been committed to this doctrine. The question arose and was carefully considered in the case of *Kurtz* v. *Hibner*, 55 Ill. 514. In that case the devise was of an eighty-acre tract in section 32. The description in the will was correct in all respects except the land was described as being in section 32 instead of section 33. Evidence was offered to prove that the testator did not own the eighty acres in section 32, and that the devisee had been in the actual possession of the eighty-acre tract in section 33 for a number of years upon the repeated promise of the testator, in his lifetime, that he would give her said tract. She had made valuable and lasting improvements thereon at her own expense. This evidence was excluded, and this court, in sustaining the ruling, said, on page 519: "The law requires that all wills of lands shall be in writing, and extrinsic evidence is never admissible to alter, detract from or add to the terms of a will. To permit evidence the effect of which would be

239—35

to take from a will plain and unambiguous language and insert other language in lieu thereof would violate the foregoing well established rule.   For the purpose of determining the object of a testator's bounty or the subject of disposition, parol evidence may be received to enable the court to identify the person or thing intended.   In this regard the evidence offered afforded no aid to the court.   The devise is certain both as to the object and subject.   There are no two objects,—no two subjects."   This case has been often approved by this court.   *Starkweather* v. *American Bible Society,* 72 Ill. 50; *Bishop* v. *Morgan,* 82 id. 351; *Heslop* v. *Gatton,* 71 id. 528; *Emmert* v. *Hays,* 89 id. 11; *Bowen* v. *Allen,* 113 id. 53; *Decker* v. *Decker,* 121 id. 341; *Bingel* v. *Volz,* 142 id. 214.

In the case last above cited the description in the devise was: "Seventy acres off of the south side of the north one-half of the north-west quarter of section No. 16, township No. 5, range No. 6, west of third principal meridian, county of Madison and State of Illinois."   At the time of his death the testator was the owner of one hundred and sixty acres of land in Madison county, being the south one-half of the north-west quarter and the north one-half of the south-west quarter of section 16, township 5, north of range 6, west. It appeared that he did not own, and never claimed to have any interest in, the seventy acres off from the south side of the north one-half of the north-west quarter in said section 16, which by his will were devised to his daughter.   It was sought in that case to show that the draftsman who drew the will inserted the words "north-west" instead of the words "south-west," and the court was asked to construe the will as devising to her the south seventy acres of the north one-half of the south-west quarter of said section.   In summing up the view of the court in that case it is said, on page 226: "If we reject the words 'north-west quarter,' or 'north-west,' or 'north,' what remains does not apply to the land in question.   The difficulty of the description as it ap-

pears in the devise is that it substitutes 'north-west' for 'south-west,' and the correction of the description, so as to make it apply to the right tract, requires not only that one of these words should be stricken out but that the other should be inserted. It involves more than construction,—it requires reformation,—and in this State, at least, courts of equity have persistently refused to entertain bills to reform wills."

The language above quoted applies to the case at bar. The testator devised the south-east quarter of the north-east quarter of section 14, township 19, north, range 3, east, etc., which is a perfect description of a tract of land that actually existed. The majority opinion strikes out "south-east." There are four quarter sections in section 14, each of which has a south-east quarter, so that it is impossible to locate the land devised without reading into the will the words "north-west quarter" in lieu of the words eliminated. This is something more than construction,—it is reformation.

I think the majority opinion goes farther than any of the previous cases, and that the limit ought not to be extended beyond that fixed by *Decker* v. *Decker,* 121 Ill. 341, and the subsequent cases which follow it. I think the court did not err in its rulings on the demurrer.

Mr. JUSTICE FARMER: I concur in the dissenting opinion of Mr. Justice VICKERS.

Mr. CHIEF JUSTICE CARTWRIGHT, also dissenting:

The terms of the devise to David T. Gano are plain and free from doubt or ambiguity. The subject matter is described in certain and definite language which clearly refers to a certain and definite tract of land according to its government description, and in my opinion to allow the natural and definite meaning of the words to be contradicted by parol evidence and another and different tract of land to be substituted is to make a new will and thereby violate the rule requiring wills to be in writing.