### SMITH et al. v. CARPENTER et al.*
(No. 7049.)

(Court of Civil Appeals of Texas. San Antonio. Dec. 20, 1923. Rehearing Denied Jan. 16, 1924.)

1. **Frauds, statute of** ⟜106(2)—**Instrument transferring mineral, oil, and gas lease rights held not affected by statute.**

A written instrument transferring mineral, oil, and gas rights purporting to describe a certain tract of land *held* not affected by the statute.

2. **Evidence** ⟜460(4)—**Parol evidence admissible to explain ambiguous description in written instrument.**

Where a description in a written instrument is ambiguous, parol proof is admissible to explain or aid it.

3. **Mines and minerals** ⟜58—**Lease held void for want of description to identify land.**

Where the description in a mineral, oil, and gas lease was not applicable to any lands then owned by lessor and the proof offered to locate the lands was in direct conflict with the description, the instrument was void for want of description.

4. **Mines and minerals** ⟜78(1)—**In case of lease for nominal consideration, held real consideration of lease was development and failure to operate in reasonable time entitled lessor to cancellation.**

Where a mineral, oil, and gas lease expressing a nominal consideration, but giving lessee one-fourth of all money, stock, bonds, or royalties derived from operations, did not specify any time within which to begin operations, the real consideration was development, and lessee's failure to begin operations within a reasonable time entitled lessors to cancellation of the lease.

---

⟜For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Writ of error dismissed for want of jurisdiction March 5, 1924.

**5. Mines and minerals ⊂⇒78(2)—Forfeiture of leases not fixing time for beginning operations favored by courts.**

Courts do not look favorably on mineral, oil, and gas leases which do not require operations to begin within a fixed time, and which tend to keep property from development indefinitely, and in such cases forfeiture of the lease is favored.

Appeal from District Court, Webb County; J. F. Mullally, Judge.

Suit by A. J. Smith and others against S. J. Carpenter and others. From a judgment for plaintiffs granting insufficient relief, both parties appeal. Reversed and rendered for plaintiffs.

Mann, Neel & Mann, of Laredo, for appellants.

H. A. Cline and K. C. Barkley, both of Houston, and Ira O'Meara, of Laredo, for appellees.

COBBS, J. Appellants brought this suit against appellees to recover the land sued for and to cancel and have declared null and void that certain instrument in writing described as follows:

"Laredo, Tex., April 16, 1919.

"In consideration of $5.00 the receipt of which is acknowledged and other considerations, I transfer to S. J. Carpenter or assigns, all oil, gas and mineral rights of 1,300 acres, more or less, a body of land owned by me situated in Webb county, Texas, east of the Tex. Mex. R. R. at or near the station of Reiser. S. J. Carpenter or assigns have permission to build and maintain on said land all necessary storage tanks, pipe lines, pumps and power stations and buildings.

"It is understood and agreed, the undersigned, his heirs or executors are to receive one-fourth of all cash, stocks, bonds or royalties derived from mineral, gas or oil rights on above described land by said S. J. Carpenter.

"J. S. Smith.
"S. J. Carpenter."

The appellants here, plaintiffs in the court below, were A. J. Smith, Maggie I. Perry, joined pro forma by her husband, J. J. Perry, and Mrs. Alice O. Hoogterp, and were the only children of J. S. Smith, the grantor in the above instrument, and his wife, who died prior to the execution of the said instrument. J. S. Smith, the grantor in said instrument, died on or about the 26th day of April, 1921. All the property owned by J. S. Smith was the community property of himself and deceased wife.

The appellees herein, who were defendants below, consisted of S. J. Carpenter, and his assigns, Ira O'Meara, S. C. Kancius, and J. H. Letts. The defendants answered by general denial, general demurrer, plea of not guilty, and specially denying that the defend-

ant S. J. Carpenter had ever received any consideration for the assignment given by him or that he had ever contracted or agreed to develop said lands; further pleading that they had no notice of any rights or equities of appellants herein, plaintiffs below.

The testimony shows that the appellants herein, plaintiffs below, were the only children of J. S. Smith and his wife; and that all the property owned by the said J. S. Smith was the community property of himself and wife; that prior to the execution of said instrument the wife of J. S. Smith was dead, and that J. S. Smith himself had died after the execution of said instrument, but prior to the filing of this suit; that the recited consideration of $5 was by the said S. J. Carpenter actually paid to the said J. S. Smith at the time of the execution of said instrument; that the land described in plaintiffs' first amended original petition was all the land that J. S. Smith and his wife owned in Webb county, Tex., totaling 1,367 acres, being survey 1110, abstract 2526, original grantee, G. W. T. & P. Ry. Co., 640 acres; survey 1,102 abstract 2527, J. & O. B. Railroad Co., 640 acres; survey 771, abstract 2710. original grantee, Julia A. Flippin, 87 acres. The original instrument was introduced in evidence and proven up by the witness to it, H. B. Gullette.

The case was tried before the court without a jury, and upon the foregoing facts the court rendered judgment for the appellants herein, plaintiffs below, for the surface of all of the land described in plaintiffs' original petition and for an undivided one-half interest in and to all the oil, gas, and minerals in and under said lands, it being the community interest of the mother of appellants, and judgment was rendered for the appellees for an undivided one-half interest in and to the said minerals, oil, and gas in and under above-described tract of land with the obligation upon them and their assigns to pay to the appellants an undivided one-fourth of all cash, stocks, and bonds or royalty received by them on their one-half of the said above-described oil, gas, and mineral rights, to which judgment all parties, both plaintiffs and defendants, in open court, excepted and gave notice of appeal.

Among other defenses urged by appellees was that if S. J. Carpenter ever received any consideration for the assignment, or if he ever agreed to develop the lands, or if the contract be construed as an agreement, they were prevented from developing the same by the acts of appellant in making subsequent leases of the same land within a short period of time after the date of the conveyance.

As will be seen, this instrument had the name of H. B. Gullette as the only witness thereto. The signature of J. S. Smith, only, was attempted to be proven up by him; but it was stated therein that "he signed the

same as a witness at the request of S. J. Carpenter in the presence of the said J. S. Smith."

On the trial of the cause it was agreed that the three tracts of land described in the petition were the only lands in Webb county, Tex., in which J. S. Smith had any interest at the time of the execution of the said mineral deed.

[1] Complaint is made and error is assigned: (a) That parol testimony is inadmissible to aid the description of the land set forth in the instrument because the same is indefinite and uncertain; (b) because in violation of the statute of frauds.

The instrument is in writing and purports to describe a certain tract of land, and is not affected by the statute of frauds. The trial court permitted the appellants to introduce proof aliunde the instrument to locate and identify the land sought to be recovered.

[2] There is no question better settled than when a written instrument is ambiguous, parol proof may be resorted to to explain or aid its description. Of course, this is upon the theory that the instrument itself affords a predicate for such proof. It is upon the further theory that that is certain which may be rendered certain by additional proof. Bitner v. Land Co., 67 Tex. 341, 3 S. W. 301; Harris et al. v. Shafer, 86 Tex. 315, 23 S. W. 979, 24 S. W. 263; Huff v. Webb, 64 Tex. 284; Snow v. Gallup, 57 Tex. Civ. App. 572, 123 S. W. 222; Gano v. Gano, 239 Ill. 539, 88 N. E. 146, 22 L. R. A. (N. S.) 450.

[3] But the trouble with this instrument is that, of itself, it shows a patent ambiguity, in that it describes "1,300 acres more or less, a body of land owned by me situated in Webb county, Texas, east of the Tex. Mex. R. R. at or near the station of Reiser." The proof shows that the lands were not located at or near the town of Reiser, nor located east of the Tex. Mex. Railroad, but are located in several different tracts between the towns of Aguilares and Torrecillas, and north of the Tex. Mex. Railroad. The same facts, as to the description and location of the lands, were shown by the map offered in evidence. While this was all the land shown to be owned by J. S. Smith at the time, yet the description in the written mineral lease was such as to clearly show it did not and could not by any of its terms be made to apply to the lands then owned by J. S. Smith, for the description given and the proof offered to locate the lands are in direct contradiction. Its position with reference to the railroad and the towns named are too widely variant to be reconciled or identified with any certainty, and we think the instrument void for want of description. Cantrell et al. v. Garrard (Tex. Com. App.) 240 S. W. 534; Fortenberry et al. v. Cruse

et al. (Tex. Civ. App.) 199 S. W. 523; Young v. Gharis et al. (Tex. Civ. App.) 170 S. W. 796; Coker et ux. v. Roberts, 71 Tex. 597, 9 S. W. 665; Gorham v. Settegast, 44 Tex. Civ. App. 254, 98 S. W. 665; Bogard v. Barhan, 52 Or. 121, 96 Pac. 673, 132 Am. St. Rep. 676, cited in note L. R. A. 1916C, 1127; Tippins v. Phillips, 123 Ga. 415, 51 S. E. 410; Patton v. Rucker, 29 Tex. 409.

[4] From the written instrument itself it is apparent that the predominant and chief consideration was to secure the development of the land for oil and gas, without any time being expressed or given for the beginning of such development. More than a reasonable time has elapsed in which to allow the beginning of operations, and there was nothing done showing any purpose of appellees to begin and continue the development, which entitles appellants to a decree. Keystone Gas Co. v. Salisbury, 192 Ky. 643, 234 S. W. 290; J. M. Guffey Petroleum Co. v. Oliver (Tex. Civ. App.) 79 S. W. 884; Emery v. League, 31 Tex. Civ. App. 474, 72 S. W. 607; Jacobs v. Robison (Tex. Civ. App.) 241 S. W. 242; Munsey et al. v. Marnet Oil & Gas Co. (Tex. Civ. App.) 199 S. W. 689; Grubb v. McAffey, 109 Tex. 527, 212 S. W. 464.

There is no material evidence offered that would excuse or justify the lessee in not beginning the work of development. While it is apparent the contract is unilateral, still we do not think the payment of the nominal sum of $5, without doing anything else towards developing the minerals, kept the contract alive. The real consideration was the development. It will be noted that S. J. Carpenter did not expressly nor impliedly bind himself to drill or develop the minerals. He entered this contract with no obligation whatever upon him to do anything. No time was expressed as to when he was to begin operations. Hitson v. Gilman (Tex. Civ. App.) 220 S. W. 145; National Oil Co. v. Teel, 95 Tex. 586, 68 S. W. 979; Bailey v. Williams (Tex. Civ. App.) 223 S. W. 313.

[5] Courts will not look favorably upon such leases, the tendency of which is to hold property indefinitely from development. It is just such contracts as these, contrary to the usual rule, that courts of equity favor forfeiture of.

From the view we take of this case, we can see no reason that will justify us in returning it for another trial.

It is the opinion of this court that the appellants are entitled to have their judgment for the land sued for and that the said written instrument be canceled, set aside, and held null and void.

The judgment therefore, of the trial court, is reversed, and judgment is here rendered for appellants.

Reversed and rendered.